## In re REED CO., Inc.

### · SACHTER et al. v. REED et al.

### No. 237.

Circuit Court of Appeals, Second Circuit.

March 27, 1939.

Max Rockmore, of New York City, for appellants.

George G. Lake, of New York City, for appellees.

Simon F. Peavey, Jr., of New York City, amicus curiae.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

On September 29, 1938, three alleged creditors of The Reed Company, Inc., filed an involuntary petition in bankruptcy against that corporation in the District Court for the Southern District of New York. The next day the president of the alleged bankrupt, having been authorized by its board of directors, answered on behalf of the corporation admitting the allegations of the petition and consenting to adjudication. Within a few days, and before any action had been taken on the petition, the appellees, who held a majority of the shares of stock of the alleged bankrupt, moved to have the answer filed by the corporation by its president stricken out; and to be allowed to file an answer denying the material allegations of the petition and demanding a jury trial. This motion was granted over the objection of the petitioning creditors, and they have appealed.

A motion to dismiss the appeal was filed and heard but decision was deferred pending the argument on the appeal. We find that decision on the motion will dispose of the appeal. It has been shown that, before any trial of the issues joined as above stated, the annual meeting of the stockholders of the alleged bankrupt was held on November 17, 1938. At that meeting a new board of directors was elected and new officers replaced those who had held office when the answer and consent to adjudication was filed. They caused a motion for leave to file an amended answer to be made by the alleged bankrupt on December 14, 1938. This motion was granted and on December 19, 1938, the amended answer of the alleged bankrupt, putting in issue the material allegations of the petition, was filed. Upon issues thus joined the cause was on notice duly called for trial and, the petitioning creditors having defaulted, the petition was dismissed. There has been no appeal from that order.

Under these circumstances the pending appeal has become moot. Assuming, without deciding, that insufficient cause was shown to justify the order striking out the first answer filed by the alleged bankrupt and permitting the stockholders to file an answer, it is plain that the court had the power to permit the alleged bankrupt itself to file an amended answer as it did later. That such an amendment before adjudication was a reasonable exercise of

judicial discretion cannot be doubted. No rights had become vested by the filing of the first answer and even though it be assumed that it should not have been stricken out on motion of the stockholders without showing more, the order allowing the bankrupt to file the amended answer in effect struck out whatever answer or answers had previously been filed. The court then merely gave effect to its general power to permit amendments to pleadings where no one is thereby deprived of any vested right. See Sandusky v. First National Bank, 23 Wall. 289, 90 U.S. 289, 23 L.Ed. 155; In re Ives, 6 Cir., 113 F. 911. As the amended answer was properly filed, any previous error relating to the pleadings was cured and this appeal raises no substantial question affecting the rights of the parties.

Appeal dismissed.