644

REED CO., Inc., v. INTERNATIONAL
CONTAINER CORPORATION
et al.

District Court, S. D. New York.
Jan. 17, 1942.

George G. Lake, of New York City, for plaintiff.

Hurd, Hamlin & Hubbell, of New York City (Emerson F. Davis, of New York City, of counsel), for defendant International Container Corporation and another.

Thomas H. Matters, Jr., of New York City, for defendant Simon F. Peavey, Jr.

COXE, District Judge.

This is a motion by the plaintiff to strike from the amended answers of two of the defendants affirmative defenses setting up the statute of limitations. There are also cross-motions by the defendants for summary judgment dismissing the complaint.

The action is for damages for malicious prosecution of an involuntary bankruptcy proceeding against the plaintiff.

The complaint alleges that the defendants maliciously and without probable cause, induced Joseph Sachter and Standard Ice Company to join with the defendant International Container Corporation in filing an involuntary bankruptcy petition in this district against the plaintiff; that this petition falsely and fraudulently charged the plaintiff with various acts of bankruptcy; and that the proceeding was prosecuted maliciously and without probable cause, and was ultimately concluded favorably to the plaintiff. The answers of the defendants are in substance general denials; they also allege as affirmative defenses that the action was not commenced within the two-year limitation period required by Section 50 of the New York Civil Practice Act.

The facts are not in dispute, and may be summarized briefly. On September 29, 1938, Joseph Sachter, Standard Ice Company, and International Container Corporation filed in this district an involuntary bankruptcy petition against the plaintiff. The next day, the defendant Peavey, who was then president of the plaintiff, filed an answer on behalf of the plaintiff admitting the allegations of the petition and consenting to the adjudication. A motion was thereupon made by four stockholders of the plaintiff for leave to file an answer on behalf of the plaintiff denying the allegations of the petition. This motion was granted on October 18, 1938, by an order which permitted the new answer to be filed, and directed that the issues be tried. The petitioning creditors appealed from the order to the Circuit Court of Appeals.

Thereafter, a new board of directors of the plaintiff was elected, and a motion was made by the plaintiff itself for leave to file an amended answer to the petition. This motion was granted on December 16, 1938, and the plaintiff immediately filed an

amended answer putting in issue the material allegations of the petition. The proceeding came on for trial on the issues so joined, and, on the default of the petitioning creditors, the petition was dismissed with costs and disbursements to the plaintiff. The order of dismissal is dated January 20, 1939, and was filed on January 21, 1939. No appeal was taken from the order.

The appeal from the order of October 18, 1938, permitting the four stockholders of the plaintiff to file an answer to the petition on behalf of the plaintiff, was pressed by the petitioning creditors in the Circuit Court of Appeals, In re Reed Co., 2 Cir., 102 F.2d 685, and resulted in a decision dismissing the appeal on the ground that the questions had become moot. In re Reed Co., 2 Cir., 102 F.2d 685. The order on the mandate of the Circuit Court of Appeals dismissing the appeal is dated April 20, 1939, and was filed on April 21, 1939.

The present complaint was filed on April 18, 1941, and process was delivered to the marshal on that day for service on the defendants. The defendants International Container Corporation and Otterson were served on April 21, 1941. The defendant Peavey was served on April 22, 1941.

The question is whether the cause of action accrued on January 21, 1939, when the bankruptcy petition was dismissed, or whether it accrued on April 21, 1939, when the order on the mandate of the Circuit Court of Appeals dismissing the appeal was filed.

■ The decision of the question is governed by New York law. Under this law, the cause of action accrues when the plaintiff first becomes entitled to maintain the action. Cary v. Koerner, 200 N.Y. 253, 259, 93 N.E. 979. In the present case, the plaintiff first became entitled to maintain the action on Jan. 21, 1939, when the bankruptcy petition was finally dismissed, and this was so regardless of whether an appeal from the dismissal was taken or not. Marks v. Townsend, et al., 97 N.Y. 590; Assets Collecting Company v. Myers, 167 App.Div. 133, 152 N.Y.S. 930, affirmed Assets Collecting Co. v. Goldsmith, 225 N.Y. 631, 121 N.E. 854. There was, however, no appeal from the order of dismissal, and the finality of the determination could in no way have been affected by the decision of the Circuit Court of Appeals on the

appeal from the interlocutory order of October 18, 1938, no matter what that decision might have been. I hold, therefore, that the action is barred by limitation.

The motion of the plaintiff to strike the affirmative defenses in the answers setting up the statute of limitations is denied, and the motions of the defendants for summary judgment dismissing the complaint are granted.