Elbert T. Gallagher, J.
Defendants move under rule 112 of the Rules of Civil Practice to dismiss the complaint on the ground that it fails to state a cause of action. Plaintiff moves to amend his complaint by adding an allegation that Justice Doscher's order of March 28, 1956 duly and formally declared plaintiff sane and discharged and released him from custody.
The undisputed facts are that plaintiff was admitted. to Grasslands Hospital on January 1, 1956. Based on a certificate of defendants Doctors Rockwell and Wiese, the Westchester County Court, on January 6, 1956, committed plaintiff to Harlem Valley State Hospital. On March 16, 1956, a jury in the Supreme Court, Westchester County, determined that plaintiff was not a mentally ill person as defined by the Mental Hygiene Law. On the same day, Hon. Robert Doscher, Justice of the Supreme Court, signed an instrument reading in part, “I forthwith discharge Anton Dill from the Harlem Valley State Hospital to the custody of his son, Alfred, who testified during the course of this proceeding that he was ready, willing and able to accept the care and custody of his father, Anton Dill.” On March 28, 1956, the same Justice signed a longer and more formal order, reciting in part “ the Court upon the rendition of the said verdict of the jury having thereupon forthwith discharged the said Anton Dill from the Harlem Valley *871 State Hospital”, and ordering in part “ the said Anton Dill be and he hereby is released and discharged from the Harlem Valley State Hospital pursuant to the verdict of the jury”. On June 15, 1956, plaintiff filed his notice of claim against the County of "Westchester.
The question to be decided is, on what date did the period of 90 days within which to file notice of claim, as required by section 50-e of the General Municipal Law, commence to run?
In Warner v. State of New York (297 N. Y. 395, 400) the plaintiff had been taken, against his will, to a State hospital and, over his objections, given treatments. Two weeks after his admission a court order was signed, directing his commitment to the institution. The Court of Appeals stated, 1 ‘ In our view, there was no warrant or justification for the original arrest or for the restraint up to July 5 — and the claimant is entitled to damages therefor — but the court order of July 5, being valid, authorized claimant’s subsequent confinement and protected the State from any further liability for false imprisonment after that date. (See Douglas v. State of New York, 296 N. Y. 530, affg. 269 App. Div. 521; Clark v. Nannery, 292 N. Y. 105, 108; Hendrix v. Manhattan Beach Development Co., 181 App. Div. 111, 117; see, also, Eestatement, Torts, § 122.) ”
Applying this principle to the instant case, it is clear that plaintiff’s cause of action against the county, if any, arose prior to the court order of January 6, 1956, and the date he filed his notice of claim was clearly without the period of limitation within which to file claims prescribed by subdivision 1 of section 50-e of the General Municipal Law. No claim is made that plaintiff was suffering from such disability as would entitle him to relief, as provided in subdivision 5 of such section, from the requirement set forth in subdivision 1.
The individual defendants may also avail themselves of the requirement of section 50-e by virtue of section 52 of the County Law, which provides that no action shall be maintained against an officer, agent, servant or employee of a county unless the notice of claim was filed against the county in accordance with section 50-e of the General Municipal Law and also on the individual defendant.
The above conclusions make unnecessary any consideration of the legal effect of Justice Doscheb’s order of March 16, 1956.
Defendants’ motions are granted. Since granting plaintiff’s motion to amend would still leave him without a remedy, his motion is denied.
Submit orders on notice.