■ JOHN P. CRANE, Respondent-Appellant, v. NEW YORK WORLD TELEGRAM CORP. et al., Appellants-Respondents. — In an action to recover damages for libel, defendants appeal from so much of an order as grants plaintiff's motion to strike out the partial defenses alleged in paragraphs 4 to 28, inclusive, of their second amended answer, and plaintiff cross-appeals from so much of said order as denies his motion to strike out the defense contained in paragraph 3 of said amended answer and as denies his motion for judgment on the pleadings. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur. [See *post*, p. 834.]

■ CHARLES DEICKLER et al., as Executors of AMELIA H. ABRAMS, Deceased, Appellants, v. OSCAR ABRAMS, Respondent.— In an action to recover for the use and occupation of real property and for other relief, the appeal is from a judgment of the County Court of Westchester County, which, *inter alia,* dismissed the amended complaint, with costs, after trial by the court without a jury, and from an order of said court directing that the judgment be entered. Judgment unanimously affirmed, with costs. No opinion. Appeal from order dismissed. The order appealed from appears to be nothing more than a ruling by the trial court on the motions for judgment, and is not appealable. Present— Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ ANTON DILL, Appellant, v. COUNTY OF WESTCHESTER et al., Respondents.— In an action to recover damages for false imprisonment, the appeal is from an order granting motions for judgment on the pleadings dismissing the complaint and from the judgment entered thereon and from an order denying a motion for leave to serve an amended complaint. Orders and judgment unanimously affirmed, with $10 costs and disbursements. The false imprisonment alleged in the complaint and in the notice of claim was commenced on January 1, 1956 and terminated with appellant's discharge, after he had been found sane by a jury in a proceeding under section 76 of the Mental Hygiene Law on March 16, 1956. A cause of action for false imprisonment accrues the instant the imprisonment takes place and becomes complete the moment the detention ceases (*Dusenbury* v. *Kielly,* 58 How. Prac. 286, affd. 85 N. Y. 383; *Tierney* v. *State of New York,* 266 App. Div. 434, affd. 292 N. Y. 523; *Salerno* v. *Lansing,* 269 App. Div. 810). The notice of claim was not served until June 15, 1956, which is not within the 90-day period required by section 50-e of the General Municipal Law. Present— Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ. [5 Misc 2d 869.]

■ CATHARINE V. DONLON (formerly CATHERINE V. ADAMS), Respondent, v CENTRAL SHELVING CO., INC., Appellant.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on a jury verdict in favor of respondent. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.