Richard S. Heller, J.
This is a motion to dismiss on the ground that the Court of Claims lacks jurisdiction to hear and determine the claim because it was not filed within the time provided by section 10 of the Court of Claims Act.
Danielle Francoise Mamboury was instantly killed on March 3, 1957 in an automobile accident occurring on Route No. 17, a State highway, in the Town of Colchester, Delaware County, New York.
On May 2,1957, a purported notice of intention was filed with the Clerk of this court which read in part, “ Please Take Notice that the undersigned intends, as Administratrix of the Estate of Danielle Francoise Mamboury, deceased, to file a claim against the State of New York, pursuant to Sections 10 and 11 of the Court of Claims Act.” This notice was verified by the attorney *940 since Patricia De Gastello was then living in Nice, France. At the time of the filing the claimant had not been appointed administratrix, said appointment having been made on June 14, 1957.
A notice of claim was filed on February 26, 1959, within two years after the cause of action accrued. This motion was filed April 7, 1959 and is made more than two years after the death of Danielle.
It is the contention of the State that the notice of intention is a nullity in that at the time of the filing there was no one with legal capacity to sue. They further contend that the failure of the administratrix to file a new notice of intention within 90 days after her appointment is fatal in processing this claim.
We agree with the State that at the time of the filing of the notice of intention no person had a legal capacity to sue but disagree that the notice was defective even though the claimant had not been actually appointed. The purpose of the notice of intention is to furnish the State with information that some claim is about to be filed. This is to give the State an opportunity to investigate the circumstances surrounding the claim for the purposes of evaluation and defense.
The cause of action not accruing until the appointment of a representative cannot be said to stifle the right to maintain an action but only to delay it. The mechanics necessary to enable the claimant to convert a right to maintain an action into a cause of action have been complied with and the notice to the State was actually filed four months before the statutory allowance of 90 days after the appointment of the administratrix.
Subdivision 2 of section 10 of the Court of Claims Act provides that the notice must be filed at any time within 90 days after the appointment but this does not preclude the filing of a notice of intention before the appointment of a representative.
Subdivision 2 of section 10 further provides that “In any event such claim shall be filed within two years after the death of decedent ”. It is wholly possible that complications might interfere with the appointment of a representative beyond the statutory limit of two years. How else could an attorney protect the right of one entitled to maintain an action than to take the steps he did in this case?
The objections herein are highly technical and nowhere is there a statement that the State has been harmed or prejudiced.
In Chalmers & Son v. State of New York (271 App. Div. 699, 701) the court said:
“ The purpose of the provision requiring the presentation of a notice of intention to file a claim or the claim itself against the State as a condition precedent to the institution of a suit for *941 damages was not to hamper and harass the claimant but to give the officers of the State prompt notice of the damages or injuries and the surrounding circumstances in order that the matter might be investigated and the State’s liability determined.
“ The statute should receive a reasonable construction and not one that unjustly deprives a suitor of the right to recover adequate compensation for the damages he has sustained. A substantial compliance with the statute is all that is required. Certainly the statute under consideration does not require absolute exactness of expression but simply a statement of the matter referred to with sufficient definiteness to enable the State officials to make an investigation in order to determine if the claim should be adjusted without suit.”
The motion is denied.