Henry W. Lengyel, J.
This is a motion for leave to reargue the motion of the claimant for permission to file a late claim in the Court of Claims. The original motion, No. M-8535, to file a late claim for assault and battery and for false arrest and imprisonment was decided by this court on July 14, 1965. In that decision we denied filing of the late claim for assault and battery and further stated as to the false arrest and imprisonment that: “ We do not consider that the claim based on false arrest is properly before us in this motion. According to the State’s memorandum the claimant herein was indicted by the Grand Jury for assault in the second degree, said indictment arising out of the incident herein. However, the court has been advised that on July 12, 1965, the jury brought in a verdict of not guilty on said assault charge. Claimant’s cause of action based on false arrest did not accrue until his discharge from custody which, of course, did not occur until the aforesaid verdict of not guilty. (See Dusenbury v. Keiley, 85 N. Y. 383, 386; Tierney v. State, 266 App. Div. 434, 42 N. Y. S. 2d 877, 879, affd. 292 N. Y. 523; Houghtaling v. State, 11 Misc 2d 1049, 1053.) Therefore, the claimant has 90 days from the date of the jury verdict in which to file his claim for false arrest.”
The State brought this motion for reargument, pursuant to CPLR 2221, upon the ground that the case of Molyneaux v. County of Nassau (22 A D 2d 954, affd. 16 N Y 2d 663) overruled prior applicable case law and thereby placed this court in error *1054 when we stated that the claim for false arrest did not accrue until Huff’s discharge from custody. It should perhaps be noted that said Court of Appeals affirmance was not reported until August 4, 1965.
In the Molyneaux decision the Appellate Division held (p. 955) that “ the liability of the defendant county terminated on May 24,1959 when plaintiff, on arraignment upon a formal complaint, was held for trial on his own recognizance ”. This decision was followed in Schildhaus v. City of New York (23 A D 2d 409, 411) wherein the same Appellate Division stated: ‘ ‘ This follows because we conclude that the claim for each of the imprisonments arose as of the time each such imprisonment terminated * * * and not from the ultimate date of acquittal on the charges, as is contended by the plaintiff.” Both of these cases involved an interpretation of section 50-e of the General Municipal Law and the effect of the requirement that claims controlled by said statute must be noticed “ within ninety days after the claim arises.” There is no question, under these cases, that a claim for false arrest brought under the General Municipal Law must be served within 90 days after the claimant is free from actual physical imprisonment. However, it is our opinion that the Molyneaux and Schildhaus decisions do not apply to claims for false arrest and imprisonment brought against the State of New York and which are controlled by section 10 (subd. 3) of the Court of Claims Act, which requires that “A claim * * * shall be filed within ninety days after the accrual of such claim ”. (Emphasis added.) We believe a distinction must be made between “claim arises” and “claim accrues”. The claim of false arrest and imprisonment arises or begins on the date of the false arrest and imprisonment, and under the above cases the 90-day notice requirement commences to run as soon as the claimant is not under a legal disability, i.e., actual imprisonment. However, a claim does not accrue until the claimant can fairly ascertain the damages he has sustained. As was stated in Edlux Constr. Corp. v. State of New York (252 App. Div. 373, 374): “ ‘ The expression “ claim accrued ” is not identical with the expression “ cause of action accrued.” The claim accrues when it matures, and the words “ claim accrued ” have the same meaning as “‘damages accrued.’ ” (Dufel v. State of New York, 198 App. Div. 97, 102.) ”
The distinction that we make between “ claim arises ” and “ claim accrues ” is pointed up by a consideration of Damico v. Onondaga County Water Auth. (36 Misc 2d 158) and Morrison & Quinn, Inc. v. State of New York (204 App. Div. 623). The Damico case was a construction of section 50-e of the Gen *1055 eral Municipal Law and the Morrison ease was a construction of section 15 of the Court of Claims Act (now Court of Claims Act, § 10, as amd. by L. 1939, ch. 860). Both cases involved flood damage claims. In the Damico case the court held at page 159, “until the plaintiffs discovered that their premises had been damaged, no cause of action had accrued in their favor and no claim could have been made therefor.” In the Morrison case the State in effect contended there was a late filing because it was not made within six months after claimant discovered the flooding. The court held otherwise and stated at page 627, “ The section of the Code * * * does not provide that the notice of intention to file a claim must be filed within six months from the time the injury was caused; it says ‘ within six months after such claim shall have accrued.’ This first flood occurred February twenty-six, but the damages could not be ascertained until the water had been pumped out * * * and it (appellant) was able to take an account of the situation, then and not till then was the extent of the damage ascertained, and at that time the claim accrued.” (See, also, Inkawhich v. State of New York, 22 N. Y. S. 2d 761, 762; Megerell v. State of New York, 46 N. Y. S. 2d 685, 688.)
Damages in a case of false arrest and imprisonment cover a broad area. As was stated in Law of Torts, Prosser, Hornbook Series, (3d Ed.), at page 56, “ The plaintiff is entitled to compensation for his loss of time, for physical discomfort or inconvenience, and for any resulting physical illness or injury to his health * * * for his mental suffering * * * the harm to his reputation or credit * * * and expenses, such as attorney’s fees, to which he has been put by reason of a false arrest.” It is our opinion that such damage cannot be ascertained until either the charges which caused the arrest are dropped and the claimant is free or until there has been a trial and an acquittal. Ergo, the claim of Mr. Huff did not accrue until his acquittal on July 12,1965.
In our original decision we stated that Mr. Huff had 90 days from July 12, 1965 in which to file his claim. As the State’s motion for reargument has cut across this time limit, we now grant Mr. Huff 30 days from the date of the order dismissing this motion in which to file said claim for false arrest and imprisonment. We do not change our ruling relative to the claim for assault and battery. The State’s motion is denied.