Robert J. Martgum, J.
In these motions the State moves to dismiss claimant’s claim for false arrest, false imprisonment, and malicious prosecution. The claimant opposes the motion and cross-moves for an order denying the motion to dismiss or, in the alternative permitting late filing of the claim pursuant to section 10 (suhd. 5) of the Court of Claims Act.
The facts underlying these motions indicate claimant was arrested on December 28, 1971 for unlawful possession of dangerous drugs in violation of section 220.05 of the Penal Law. On the 29th day of December he was released from custody after making bail. Subsequently, on June 5,1972, the criminal matter was dismissed.
The claim was served and filed with the Clerk of the Court of Claims on July 7, 1972 and copies were received at the offices of the Attorney-General on July 11, 1972. No notice of intention was filed in the Court of Claims within 90 days of claimant’s release from custody.
Claimant contends he could not file a claim or notice of intension within the prescribed statutory period because it would conceivably have jeopardized Ids obtaining a favorable disposition of the criminal matter. He states in his- affidavit ‘ ‘ should the Claimant be required to dommence his civil action prior to the disposition of the criminal action herein, it is obvious that the authorities would delay the criminal proceeding and would attempt to obtain from the Claimant herein a release of any and all civil claims Claimant may have against the Defendant in return for dismissal of the unwarranted and unlawful charges placed against the Claimant herein.”
-Claimant also submits that, not until May 2,1972, after receipt of a New York State Police laboratory report certifying that the 246 various and multiple colored pills seized from claimant did not contain any unlawful drugs, was' he made aware there was insufficient evidence to warrant further prosecution.
The possible existence of a compromising legal posture proffered by claimant as an excuse for the delay in filing is not only without merit (see Kozak v. State of New York, 35 A D 2d 909) but patently unreasonable. The prosecution of the criminal case could no more proceed with the laboratory réporúthat was eventually certified than without any report. Therefore, during the hiatus between claimant’s arrest and release on bail and the time *1011 the report was made available there was never any threat to the possible compromise of his civil action.
More particularly, however, although the pendency of a criminal matter may be sufficient cause to defeat a motion to dismiss for failure to prosecute a civil matter growing out of the same facts (Sortino v. Fisher, 20 A D 2d 25), collateral litigation is neither a legal disability nor a reasonable excuse for failure to abide by the time limitations set forth in section 10 of the Court of Claims Act.
The question of timeliness being jurisdictional in nature, the requirements of the Court of Claims Act must be strictly construed. (Brennan v. State of New York, 36 A D 2d 569.)
Claimant, further argues he could not file Ms claim until after the dismissal of the criminal case since it was not until that time his damages could be ascertained, to wit, attorney’s fee.
Claimant cites Bronxville Palmer, Ltd. v. State of New York (36 A D 2d 647) for this proposition. At page 648 of the Bronx-ville case the court concluded that ‘ ‘ where a continuing injury or other circumstance prevents an evaluation of damages at the time of the occurrence of the wrong, the time for filing a claim does not begin to run until such an evaluation can be made.” This principle is based upon the illusory distinction between “ claim accrued ” and “ cause of action accrued ” (see Waterman v. State of New York, 19 A D 2d 264). The principle, however, has never been applied to circumstances described herein, nor do we believe it was ever the intent of the Appellate Division to do so.
In Huff v. State of New York (47 Misc 2d 1053), which was decided prior to the Bronxville case, but cited the same authorities as were found in Bronxville, the lower court held in a false arrest and imprisonment case damages cannot be ascertained until either the charges which caused the arrest are dropped and the claimant is free or until there has been a trial and acquittal. It is at the happening of either of those events that all the damages become known. In reversing the lower court, the Appellate Division (27 A D 2d 892) said '“A claim for false arrest accrues at the time of the arraignment and release on bail.’ (Bomboy v. State of New York, 26 A D 2d 974; Molyneaux v. County of Nassau, 22 A D 2d 954, affd. 16 N Y 2d 663.) ” The appellate court rejected claimant’s contention that the claim-accrued on the day he was acquitted of the criminal charge.
Therefore, a claim for false arrest and imprisonment not falling within the ambit of the continuing injury doctrine, -the State’s *1012 motion to dismiss said portion of the claim for late filing is granted. (Danchak v. State of New York, 29 A D 2d 609.)
Since it is essential for the maintenance of a claim for malicious prosecution, that the complained of prosecution be disposed in favor of claimant, the claim could not arise until the dismissal of the criminal charge. (Hendrix v. Manhattan Beach Development Co., 181 App. Div. 111, 115-116.) This aspect of the claim was filed within the governing 90-day period.
Whether the substance of sáid claim is meritorious, however, cannot be decided until after the trier of the facts has had an opportunity to examine all the relevant testimony and evidence.
The State’s motion is granted to the extent of dismissing the claims for false arrest and false-imprisonment, for failure to timely file the claim, and in all other respects denied. Claimant’s cross motion to permit late filing of the false arrest and false imprisonment claims is denied in the absence of a reasonable excuse to permit late filing. That portion of the cross motion dealing with the claim for malicious prosecution is denied as academic.