Egbert J. Maitgum, J.
In this motion claimant seeks an order declaring valid a previously filed notice of intention or, in. the alternative, waiving the time limitations for filing a notice of intention.
This latter relief is outside the scope of the court’s authority, since filing requirements are jurisdictional and must be adhered to strictly. Unless a claimant falls within one of the specific provisions dispensing with filing of a notice of intention or excusing timely filing, the statutory 90-day period cannot be extended.
In the instant proceeding, claimant filed a notice of intention vfith the Clerk of the court and served a copy upon the Attorney-General within the designated filing period. Prior to the ^xpiration of said period and simultaneous with the filing, the State elected to treat claimant’s notice of intention as a nullity pursuant to OPLE 3022 because the document was not appropriately verified in accordance with section 11 of the Court of Claims Act.
A subsequently verified notice of intention was filed, however, two days beyond the statutory period.
*398 The State opposes the motion on the grounds claimant has •not tendered a reasonable excuse for the failure to file timely.
The issue before this court is whether the failure to timely file a verified notice of intention must be excused in accordance with the criteria enumerated in subdivision 5 of section 10 of the Court of Claims Act before claimant may ibe' permitted to file a claim.
The court is not persuaded the requirements of the aforesaid statutory provision -must ibe satisfied in order to grant the relief requested, although leave of the court may nevertheless be necessary.
Requirements for filing, as has often been stated, are jurisdictional requisites and must be strictly construed. (Modern Transfer Co. v. State of New York, 37 A D 2d 756; Bommarito v. State of New York, 35 A D 2d 458; Olson v. State of New York, 71 Misc 2d 1009.) This does not mean, however, that every element of a notice of intention must be set forth with formalistic rigidity provided notice is conveyed to the State and the purpose of the statute is not perverted. (Harper v. State of New York, 34 A D 2d 865.)
-The recognized purpose of the requirements for filing is to give the State notice and an opportunity to investigate and defend. (Chalmers & Son v. State of New York, 271 App. Div. 699, affd 297 N. Y. 690; De Castello v. State of New York, 23 Misc 2d 939.)
The notice of intention filed iby claimant prior to the expiration of the statutory 90-day period contained, and the State does not contend otherwise, all the elements required by law except that the signed verification was followed by a blank jurat. The affidavit submitted in support of the motion avers that claimant’s signature was executed in the presence of his attorney, a notary public, but that the latter inadvertently omitted the proper attestation.
It is clear that an irregular verification is not a fatal jurisdictional defect, since any omission may be waived by the party upon -whom service is made. (People ex rel. Fifth Ave. & 37th St. Corp. v. Miller, 261 App. Div. 550, affd. 286 N. Y. 628; Canizio v. State of New York, 8 Misc 2d 943.)
A defective verification in any event should never result in irreparable injury to a party’s ability to prosecute his cause of action -(3 Weinstein-Korn-Miller, par. 3022.04, p. 30-523) and irregularities or defects in form should be disregarded. (Barski v. State of New York, 43 A D 2d 767; Matter of Kohnberg v. Murdock, 4 A D 2d 750; Matter of Lake Mahopac Hgts. *399 v. Zoning Bd. of Appeals, 278 App. Div. 779; Chalmers & Son v. State of New York, supra; Barthelmues v. Ives, 194 Misc. 13.)
In the Matter of Smith v. Board of Standards & Appeals, (2 A D 2d 67, 69) the Appellate Division of the First Department characterized an irregular verification as not some indispensable preliminary condition upon which jurisdiction rests; “it is, merely, a defect in the form of a pleading served as part of a judicial proceeding in which jurisdiction of the proper parties has been obtained. The controlling policy of the present practice is that it must be disregarded or, if the adverse party insists on its importance, corrected.”
Indeed the court has authority to exercise its discretion in correcting or disregarding a mistake, omission, defect or other irregularity, such as is the subject of this motion, provided a substantial right of a party is not prejudiced. (Matter of Smith v. Board of Standards & Appeals, supra; People ex rel. Denney v. Clark, 257 App. Div. 905; Court of Claims Act, § 9, subd. 8; CPLR 2001.)
The liberality with which courts will construe pleadings or ignore defects is not designed to obviate substantive requirements. Courts merely are loath to permit the technical protestations of a party to defeat the substantive rights of another; principles of substantial justice, not technical errors, should prevail.
There being no showing of prejudice to the State or a breach of a jurisdictional fiat, the interests of justice mandate the defective verification be remedied. In the exercise of the court’s discretion, claimant’s motion is granted to the extent of allowing an amendment to the notice of intention filed on April 2, 1973, by affixing thereto a proper notarial execution, which execution shall be nunc pro tunc as of April 2, 1973. Upon completion of said notarization, claimant may file his proposed claim with the Clerk of the Court of Claims.