■ LUCILLE GIGLIO et al., Respondents, v. LOUIS DELESPARO et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered July 23, 1973 in Ulster County, which denied a motion for summary judgment dismissing the complaint. The within action was commenced on April 21, 1971 seeking damages for malicious prosecution, libel and slander. These causes of action arise from an incident which occurred on April 17, 1970 when an information was filed charging plaintiff with petit larceny, followed by subsequent informations filed on April 27, 1970 charging her with petit larceny and conspiracy by acting in concert with a cashier of defendant's supermarket to check out items valued at over $50 for less than that amount. The complaint contains the required allegations that her criminal prosecution was maliciously instituted, without legal foundation, and recites that the cashier involved pleaded guilty to petit larceny, executed an affidavit which exonerated plaintiff, and the charges against plaintiff were thereafter dismissed by the court on January 28, 1971 when they were withdrawn by the District Attorney's office. On this motion for summary judgment, defendants urge several grounds for relief. First, they claim that the action is barred by the one-year Statute of Limitations (CPLR 215, subd. 3). There is no merit in this contention. A cause of action for malicious prosecution does not accrue until there has been a favorable termination of the original proceeding against the one claiming to be maliciously prosecuted, in this case on January 28, 1971 (36 N. Y. Jur., Malicious Prosecution, §§ 3, 19; Prosser, Torts [3d ed.], 857). The causes of action for libel and slander arose when the criminal informations upon which they are founded were executed and filed by defendant Delesparo on April 27, 1970. Therefore, the action commenced on April 21, 1971 is clearly timely in all respects. Secondly, defendants argue that there are no facts alleged which support the allegation of malice in the institution of the criminal proceedings against plaintiff. While malice is an essential element of a cause of action for malicious prosecution, it need not be established by direct evidence but can be inferred if there is a showing of a wanton, reckless disregard of a plaintiff's rights inconsistent with good faith (*Pecue* v. *West*, 233 N. Y. 316; *Chappelle* v. *Gross*, 26 A D 2d 340). Since basic factual matters are here in sharp dispute, it is fundamental that the elemental questions of malice and lack of probable cause cannot properly be answered as a matter of law in this case (*Munoz* v. *City of New York*, 18 N Y 2d 6). Defendants' final contention is that the statements contained in the allegedly libelous informations are absolutely privileged as words spoken or published in the course of judicial proceedings. The criminal action herein was commenced upon the filing of an information on April 17, 1970 (CPL 100.05, subd. 1). The causes of action for libel and slander are based upon the subsequent informations filed April 27, 1970. By any standard, judicial proceedings had been instituted and the absolute privilege attached (*Martirano* v. *Frost*, 25 N Y 2d 505; *People ex rel. Bensky* v. *Warden*, 258 N. Y. 55; *Perlmutter* v. *Rivkin*, 33 A D 2d 809). Therefore, as to the causes of action for libel and slander, the motion should have been granted (*Goldwater* v. *Merchants Importing*, 6 A D 2d 777). Order modified, on the law, and partial summary judgment granted dismissing the causes of action for libel and slander, and, except as so modified, affirmed,

without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.