■ GEORGE WHITMORE, Appellant, v CITY OF NEW YORK, Respondent. — In an action, *inter alia,* to recover damages for false arrest and malicious prosecution, plaintiff appeals from an order of the Supreme Court, Kings County, dated June 5, 1979, which, *inter alia,* granted defendant's motion for summary judgment and dismissed the complaint. Order modified, on the law, by deleting the first and second decretal paragraphs, and substituting therefor a provision granting defendant's motion for summary judgment except as to the cause of action for malicious prosecution arising out of plaintiff's prosecution for the attempted rape in April of 1964, and complaint dismissed as to all but that cause of action. As so modified, order affirmed, without costs or disbursements. In the complaint under review, plaintiff alleged, *inter alia,* parallel causes of action for false arrest and

malicious prosecution arising out of three separate criminal prosecutions. On the instant motion for summary judgment, the city maintained, in part, that all but one of these causes of action were time barred, and that the remaining cause of action (for malicious prosecution) was legally insufficient due to the absence of a favorable termination of the underlying criminal action and the conclusive establishment of probable cause for prosecuting the plaintiff. From a grant of summary judgment in the defendant's favor, plaintiff appeals. For purposes of the applicable Statute of Limitations, the causes of action for false imprisonment accrued upon plaintiff's release from confinement in 1966 (see *Boose v City of Rochester,* 71 AD2d 59, 65; *Caminito v City of New York,* 25 AD2d 848, affd 19 NY2d 931), so that all of these causes of action were time barred at the commencement of this action in 1974 (see General Municipal Law, § 50-i). Moreover, since the various causes of action for malicious prosecution accrued when each of the underlying criminal proceedings was terminated in plaintiff's favor (see *Giglio v Delesparo,* 46 AD2d 928), his claims with respect to the two prosecutions which terminated, respectively, in 1965 and 1966, were also time barred in 1974. Thus, it is only plaintiff's remaining cause of action, i.e., for malicious prosecution based on the charge of attempted rape, which was timely commenced. Plaintiff was eventually convicted of that charge in 1967, and his conviction was thereafter affirmed on appeal (see *People v Whitmore,* 35 AD2d 607, affd 28 NY2d 826). However, in 1973, his conviction was vacated and the charges dismissed on motion of the District Attorney, Kings County. Since the basis of that motion was the discovery of "fresh evidence" which cast doubt upon the sufficiency and trustworthiness of the trial evidence, we believe that the 1973 dismissal must be considered to be a favorable termination of the criminal proceedings against the plaintiff for purposes of this action (see *Reit v Meyer,* 160 App Div 752). Generally, a conviction which survives appeal would constitute conclusive evidence of probable cause of initiating a criminal prosecution, and would therefore be fatal to the maintenance of a cause of action for malicious prosecution (see *Broughton v State of New York,* 37 NY2d 451, 458; see, also, Restatement, Torts 2d, § 667). Where, however, that affirmed conviction has subsequently been vacated on evidentiary grounds, there exists, at the least, a question as to whether the presumption of probable cause survives (see *Boose v City of Rochester,* 71 Ad2d 59, 69, *supra).* In any event, where a plaintiff can establish that his conviction was obtained by fraud, perjury, conspiracy, or other undue means (e.g., the misrepresentation, falsification or withholding of material evidence), a cause of action for malicious prosecution may nevertheless be sustained (see *Caminito v City of New York, supra; Simmonds v Sowers,* 253 App Div 819; see, also, *Boose v City of Rochester, supra).* Turning to the facts of the instant case, plaintiff alleges, in pertinent part, that the police and the District Attorney's office were guilty of certain misconduct which constituted, in effect, the intentional withholding of exculpatory evidence, so that a viable cause of action has at least been stated. However, it is well established that a prosecutor is entitled to absolute immunity "for actions taken within the scope of his official duties in initiating and pursuing a criminal prosecution and in presenting the State's case" *(Brenner v County of Rockland,* 67 AD2d 901, mot for lv to app den 47 NY2d 705). Accordingly, since all of the alleged wrongdoing on the part of the District Attorney's office concerns conduct "intimately associated with the judicial phase of the criminal process, and * * * performed by the prosecutor in a quasi-judicial capacity" *(Brenner v County of Rockland, supra,* p 901), the doctrine of absolute immunity fully applies to bar liability on this branch of

the case (see *Schanbarger v Kellogg,* 35 AD2d 902, app dsmd 29 NY2d 649, cert den 405 US 919). Moreover, it appears that the city would not be responsible for the prosecutor's misconduct in any event (see *Lee v City of Mount Vernon,* 49 NY2d 1041; *Zimmerman v City of New York,* 52 Misc 2d 797; see, also, *Rottkamp v Young,* 21 AD2d 373, 377, affd 15 NY2d 831; cf. *Dennis v Sparks,* 449 US 24). The defendant may, however, be held responsible for the alleged misconduct of the members of its own police department regarding the prosecution (cf. *Lee v City of Mount Vernon, supra),* and since, in our view, there exists a viable issue of fact regarding the truth of the allegations of police misconduct and its sufficiency to negate the presumption of probable cause and demonstrate the existence of actual malice (see *Giglio v Delesparo,* 46 AD2d 928, *supra;* see, also, *Boose v City of Rochester, supra,* pp 69-70), summary judgment was improperly granted with respect to the cause of action for malicious prosecution arising out of the charge of attempted rape. We have considered the parties' remaining contentions and find them to be without merit. Titone, J. P., Lazer, Gulotta and Margett, JJ., concur.