OPINION OF THE COURT
Frank S. Rossetti, J.
Motions are granted and the three claims are hereby dismissed, in accordance with the following.
The Karen and Hudak claims are identical (they were prepared by the same attorneys, said claimants’ attorneys herein) and are for false arrest and malicious prosecution. The Roth claim (prepared by different attorneys) is for malicious prosecution, prima facie tort and violation of civil rights.
*397 All three claims arise from a December 5, 1978 indictment of the claimants and five other doctors by a Nassau County Grand Jury for alleged violations of this State’s antimonopoly statute, i.e., the Donnelly Act. (General Business Law, art 22.) Specifically, the doctors were charged with organizing a group boycott and concertedly refusing to render professional services to nonemergency workers’ compensation and no-fault insurance patients. The alleged boycott and refusal apparently arose from the dissatisfaction of the indicted doctors and others with low fees and delays in payments thereof under those plans. (See People v Roth, 100 Misc 2d 542, 543-544, affd 74 AD2d 1008, affd 52 NY2d 440, 446-447.) The defendant doctors therein moved to dismiss the indictment and their motion was granted on August 10, 1979 by the Nassau County Court. (See People v Roth, 100 Misc 2d 542, supra.)[2] The State’s Attorney-General appealed that dismissal,[3] but, as indicated above, the dismissal was affirmed by the Appellate Division, on March 24, 1980,[4] and by the Court of Appeals, on April 2, 1981 (see People v Roth, 52 NY2d 440, supra). The Karen, Roth and Hudak claims were then filed May 11, 1981, June 18, 1981 and June 29, 1981, respectively.
The State’s motions against these three claims are on identical grounds, to wit, untimeliness, failure to state a cause of action and State immunity from suit (CPLR 3211, subd [a], pars 2, 5, 7; Court of Claims Act, §§ 8, 10). Of course, the application of these grounds to the different causes of action of the claims varies.
Dealing first with the false arrest causes of action (in the Karen and Hudak claims), it should be preliminarily noted that false arrest is a species of false imprisonment, a tort protecting the personal interest of freedom from restraint of movement. (See Broughton v State of New York, 37 NY2d 451, 456.) This tort is a continuing one (i.e., it *398 continues throughout the period of restraint — see, e.g., 22 NY Jur, False Imprisonment, § 49, p 479) and thus, while it technically first accrues at the initial moment of restraint (see, e.g., Dill v County of Westchester, 4 AD2d 779), such as upon arrest, it becomes complete at the end of the restraint, such as on release from custody (see 22 NY Jur, False Imprisonment, §§ 49, 50). This latter date is the date of accrual for Statute of Limitations purposes. (See, e.g., Whitmore v City of New York, 80 AD2d 638, 639, and cases cited.)[5]
Here there is no indication when the claimants were released, or even arrested, although it would seem under the circumstances such would have occurred shortly before or after indictment. Nonetheless, the court does not believe the seeming appearance of circumstances is a sufficient basis upon which to grant dismissal. Allegations or proof of release should have been presented by the State and were not. Therefore, we do not find dismissal of the false imprisonment causes of action warranted on the grounds of untimeliness.
However, the lack of any sufficient indication of the time of arrest or release does warrant dismissal for failure to state a cause of action. Section 11 of the Court of Claims Act requires that a claim state “the time when and place where such claim arose”. Neither is present in the Karen and Hudak claims. Dismissal is therefore required. (See Harper v State of New York, 34 AD2d 865; see, also, Patterson v State of New York, 54 AD2d 147, 149-150, affd 45 NY2d 885.)
*399 We also note defendant alleged herein that the subject arrests were pursuant to warrant and the Karen and Hudak claimants did not refute this. Since their claims fail to contain any proper allegations for false imprisonment causes of action based on arrests under warrant (see, e.g., Ford v State of New York, 19 AD2d 677; see, also, Broughton v State of New York, supra, pp 456-458), we find a failure to state calling for dismissal on this basis also.
As to the sovereign immunity ground,[6] we find it inapplicable to false arrest. This police function is obviously outside the hereinafter noted prosecutorial immunity (cf., e.g., Cunningham v State of New York, 71 AD2d 181, 183) and is a tort unquestionably within the State’s waiver of immunity (see n 6). Of course, a cause of action therefor must be properly stated and such was not the case with the Karen and Hudak false arrest causes. Their dismissal is therefore required because of that deficiency.
Next are the malicious prosecution causes of action in all three claims. The question of timeliness here is purely a legal one, to wit, where a criminal proceeding is dismissed and that dismissal is appealed but affirmed, does a malicious prosecution claim based thereon accrue (for Statute of Limitations purposes) upon the trial level dismissal or upon the later, appellate level affirmance.[7] The parties did not cite nor could the court find any cases precisely in point, but an annotation on this issue with respect to civil suits[8] finds the courts of the various States in disagreement. (See 87 ALR2d 1047, § 10, subd [a].) However, the only New York case cited therein, Reed Co. v International Container Corp. (43 F Supp 644, 645), finds accrual on nisi *400 prius dismissal. A related annotation, on whether a malicious prosecution action based on a civil suit is precluded by appeal (see 41 ALR2d 863), finds the weight of authority to support preclusion during an appeal (41 ALR2d 863, §2), but notes that contrary authority mostly involves Statutes of Limitation (41 ALR2d 863, § 3, subd [a]). It also separately considers New York cases (41 ALR2d 863, §4) and, while noting inconsistencies, cites the most “recent” Court of Appeals case on the subject, Marks v Townsend (97 NY 590), to the effect that an appeal does not preclude a malicious prosecution action. It further observes that a sister State’s highest court has found this to be the settled law (41 ALR2d 863, 867). Finally, the only State court decision since Marks dealing directly with the Statute of Limitations (a lower court case and one not noted in either cited annotation) adopted the finding in Reed Co. v International Container Corp. (supra) which finding was based on Marks v Townsend. (See Lander v Gilman, 53 Misc 2d 65, 68-69.)
Accordingly, while the question is not free from doubt and while there are legitimate arguments for and against both possible accrual dates, we believe consonance with the Court of Appeals Marks decision (supra) calls for a finding of accrual on trial court dismissal.[9] Hence, the malicious prosecution causes of action in all three claims are untimely and should be dismissed. (See Court of Claims Act, § 10, subd 3; CPLR 3211, subd [a], pars 2, 5.)
Additionally, while the said causes do not also appear dismissible for failure to state the traditional elements thereof (see CPLR 3026), they do appear barred by the State’s remanent sovereign immunity. The malicious prosecution causes of action in the Karen and Hudak claims allege only State “indicating” as the basis thereof. Such indicating was seemingly done by the State Attorney-General and hence is absolutely imrhune from liability since clearly within said official’s prosecutorial function. *401 (See, e.g., Ryan v State of New York, 81 AD2d 947, 948, and cases cited; Whitmore v City of New York, 80 AD2d 638, 639-640, supra.) They are thus also dismissible on that basis (see n 6, supra).
As to the Roth claim, it alleges the nature of the claim to be investigation, execution of subpoenaes, prosecuting and obtaining an indictment, defending said indictment and prosecuting the appeals from the dismissal thereof. A conspiracy (to prosecute claimant) between the Attorney-General’s office, the State Commissioner of Insurance and the Chairman of the Workman’s Compensation Board is also alleged. Said investigation and execution of subpoenaes would appear to be arguably outside the absolute prosecutorial immunity, but they also are outside the tort of malicious prosecution.[10] Conspiracy requires an overt act (see 8 NY Jur, Conspiracy, § 4) and the only act alleged with respect thereto was the prosecution of claimant and the only official indicated to have done the prosecuting was the Attorney-General. His noted prosecutorial immunity thus bars any conspiracy malicious prosecution action. (See, e.g., Block v Chassin, 36 AD2d 703.) Consequently, we find any malicious prosecution cause of action in the Roth claim barred by absolute prosecutorial immunity and hence also dismissible therefor.
That leaves the prima facie tort and violation of civil rights causes of action in the Roth claim. However, there is no indication in said claim that any of defendant’s acts potentially within said causes which occurred at and after the indictment were outside the noted absolute prosecutorial immunity. Prima facie tort and civil rights causes based on those acts are thus barred by that immunity. As to acts within said causes which occurred prior to indictment, they occurred roughly 29 months before the filing of the Roth claim. The time for filing a claim is 90 days for prima facie tort (see Court of Claims Act, § 10, subd 3) and presumably also for civil rights violations (see Court of Claims Act, §10, subd 3; see, also, Davis v State of New York, 84 Misc 2d 597, 600, revd on other grounds 54 AD2d *402 126; US Code, tit 42, § 1983), although the latter may be subject to the six-month filing period in certain cases or even generally (see Court of Claims Act, § 10, subd 4). In any event, it is clear said causes based on preindictment acts are barred for untimeliness. Hence, whether based on acts before, at or after indictment, these two causes must also be dismissed. Additionally, dismissal of said causes is called for because of their lack of specificity (prima facie tort requires specific allegations vis-a-vis damages — see, e.g., Lincoln First Bank of Rochester v Siegel, 60 AD2d 270, 279-280; civil rights actions require a delineation of the rights allegedly violated — see, e.g., US Code, tit 42, § 1983) and their apparent duplication of traditional tort causes of action (see 59 NY Jur, Torts, § 29 [prima facie tort]; Brody v Leamy, 90 Misc 2d 1, 21-23 [violation of civil rights]).

. The Roth claim recites an August 19, 1979 dismissal date, but said claimant’s brief herein states the August 10,1979 date indicated in the other claims and in the cited County Court decision.

. The appearances in the County Court indicate defendant’s Attorney-General was the prosecutor in said court.

. The Roth claim alleges the Appellate Division order was dated March 13, 1980, but apparently the order was not entered until the March 24,1980 date set forth in the official Appellate Division Reports (see People v Roth, 74 AD2d 1008, supra).

. Claimants Karen and Hudak argued the false imprisonment causes of action did not accrue until the Court of Appeals affirmance of the County Court dismissal, on the grounds that until then they did not have such causes. As indicated above, the case law is unquestionably to the contrary, particularly since termination of criminal proceedings is not an element of false imprisonment (see 22 NY Jur, False Imprisonment, § 7; see, in any event, pp 399-400, infra). Further, said claimants’ citation of the Court of Claims decision in Huff v State of New York (47 Misc 2d 1053, mod 27 AD2d 892) is inapposite since only an acquittal at the nisi prius level was involved there, not an affirmance after appeals to the intermediate and highest appellate courts of this State. Finally, the argument made in that decision, to wit, that false imprisonment accrual does not occur until damages are ascertained, which only could be upon acquittal, was obviously rejected by the Appellate Division in its de facto reversal therein. (See Huff v State of New York, 27 AD2d 892, supra; see, also, cases cited therein; Boose v City of Rochester, 71 AD2d 59, 63, and cases cited.) This is of course consistent with the rule that false arrest damages are measured only to the earlier of release, arraignment or indictment. (See Broughton v State of New York, supra, pp 459-460.)

. This “defense” is really a combination of lack of subject matter jurisdiction (CPLR 3211, subd [a], par 2) and failure to state a cause of action (CPLR 3211, subd [a], par 7). This court only has subject matter jurisdiction of claims against the State which fall within the waiver of immunity in section 8 of the Court of Claims Act. If a claim is subject to the defense of the State’s remaining sovereign immunity (i.e., that immunity not waived by said section 8), it is one which is outside this court’s subject matter jurisdiction and also one as to which a proper claim against the State is not stated.

. We note the Karen and Hudak claims contain allegations concerning defendant’s civil suit against them. However, in their papers on this motion said claimants disavow any claims for damages based on the civil suit, stating it was mentioned for the purposes of pleading an indicia of State malice. The court has therefore not considered the civil action herein.

. The court perceives no reason why accrual should be different for malicious prosecution causes based on civil versus criminal actions.

. We also note that the general rule is that the mere existence of a right of appeal does not preclude suit (see 36 NY Jur, Malicious Prosecution, § 24, n 4; 87 ALR2d 1047, § 10, subd [b]) and hence does not push back the date of accrual to the expiration of the time to appeal (see 87 ALR2d 1047). Accrual remains upon trial dismissal. Consistency would seem to dictate the same accrual date whether or not the right of appeal is exercised.

. Said allegations, if properly expanded upon, could conceivably form the basis of other tort claims, such as abuse of process, but said claims would appear to be time barred. (See Cunningham v State of New York, 53 NY2d 851, 853, modfg 77 AD2d 756, 757.)