■ SHIRLEY LEVINE, Respondent, v. JOSEPH COHEN et al., Defendants, and WELSBACH CORP., Appellant.— In a negligence action to recover damages for personal injury, defendant Welsbach Corporation appeals from an order of the Supreme Court, Kings County, entered November 10, 1964, which denied its motion to dismiss the complaint for failure to state a cause of action. Order reversed, with $10 costs and disbursements; motion granted, and complaint dismissed, without costs. The complaint fails to allege the breach of any duty owing from defendant Welsbach Corporation to the plaintiff. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.

■ LONG ISLAND MOVING & STORAGE ASSOCIATION, INC., Appellant, v. LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, Respondent. — In a proceeding pursuant to CPLR 2304 to quash a subpœna duces tecum served upon the petitioner by the Attorney-General of the State of New York in connection with his pending investigation, pursuant to the authority conferred by statute (General Business Law, § 343 *et seq.*), into alleged monopolistic practices in the moving and storage industry, the petitioner appeals from an order of the Supreme ·Court, Nassau County, entered December 17, 1964, which denied its application. Order affirmed, with $10 costs and disbursements. In an investigation pursuant to section 343 of the General Business Law, the Attorney-General has the power to subpœna any books and papers which he deems relevant or material to the inquiry, and, unless the material subpœnaed by him is utterly irrelevant, the court will not interfere (cf. *Matter of La Belle Creole Int., S. A.,* v. *Attorney-General of State of N. Y.,* 10 N Y 2d 192). Under the circumstances here, the fact that prosecution pursuant to sections 341 or 342-a of article 22 of the General Business Law may be barred for violations which occurred during the period covered by the records sought does not render those records utterly irrelevant. The commencement of an action pursuant to some other provisions of article 22 of the General Business Law does not cause an abatement or termination of the Attorney-General's right to continue his investigation and in connection therewith to subpœna witnesses, including those who happen to be defendants in such action (General Business Law, § 343; *People* v. *Anaconda Wire & Cable Co.,* 19 A D 2d 867; cf. *Matter of Hoyt* [*Attorney-General*], 258 N. Y. 569). The petitioner, a membership corporation, may not resist the subpœna by invoking the privilege against self incrimination on its own behalf; and, insofar as its corporate records are concerned, it may not invoke the privilege on behalf of its officers (cf. *People* v. *De Grandis,* 16 A D 2d 834, affd. 12 N Y 2d 812; *United States* v. *White,* 322 U. S. 694). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ JOHN A. MILLER, Respondent, v. HAVERSTRAW DEVELOPMENT CORP., Appellant.— In an action to recover a real estate brokerage commission earned in pursuance of a written agreement between the parties, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Rockland County, entered July 17, 1964, which granted plaintiff's motion for summary judgment and awarded him the amount demanded in the complaint. Order and judgment affirmed, with $10 costs and disbursements. In our opinion, the defendant failed to raise a triable issue of fact. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.