FIRST DEPARTMENT, OCTOBER, 1967

(October 3, 1967)

■ STATE OF NEW YORK, Appellant-Respondent, v. MILK HANDLERS AND PROCESSORS ASSOCIATION, INC., et al., Respondents-Appellants, and GRANDVIEW DAIRY, INC. et al., Respondents.

*Per Curiam.* The Attorney-General brings this action to enjoin the defendants, wholesale milk dealers, from engaging in certain practices claimed to be in violation of section 340 of the General Business Law, commonly called the Donnelly Act. The Attorney-General moved at Special Term for a temporary injunction and several defendants cross-moved to dismiss the complaint. Special Term denied both applications.

The cross motion was based on two contentions; firstly, that the allegations of the complaint are insufficient in that they are confined to specific instances of acts which, while they may be acts prohibited, do not per se show an actual restraint of trade. The other contention is that the alleged violations occurred pursuant to a labor contract with a union in that they were necessarily required for the performance of that contract and directed by arbitrations held pursuant to it. Consequently, it is argued that an unfair labor practice would be involved and State courts are without jurisdiction. Suffice it to say that we agree with Special Term's conclusions that the complaint as written is sufficient on its face and that the contention of lack of jurisdiction is wholly without merit.

As to the appeal from the application for a temporary injunction, we agree with Special Term's conclusion, though not for the reason expressed. This action has been pending for an extended period. During that time the Attorney-General evidently did not feel that the protection of the public interest required an interim restraining order. And, quite frankly, it was conceded on the argument that such restraint was not the object sought by the application. The real purpose was to secure from this court an advisory opinion as to whether the incidents set out in the affidavits, if not controverted, would entitle the plaintiff to a final judgment. In the absence of necessity for interim relief, we do not feel called upon to render any such opinion or to decide, at this time and in this state of the record, what would constitute either a prima facie case or a defense to a completed case. We neither confirm nor reject Special Term's observations on this subject. The order is affirmed, without costs.

Stevens, J. P., Eager, Steuer, Tilzer and Witmer, JJ., concur.

Order entered on February 17, 1967 unanimously affirmed, without costs and without disbursements. [52 Misc 2d 658.]