STATE OF NEW YORK, Appellant, v HORSEMEN'S BENEVOLENT AND PROTECTIVE ASSOCIATION (NEW YORK DIVISION) et al., Respondents.

First Department, December 28, 1976

*Robert Kruger* of counsel *(Samuel A. Hirshowitz* and *John M. Desiderio* with him on the brief; *Louis J. Lefkowitz, Attorney-General),* for appellant.

*Jesse Moss (Sue Wimmershoff-Caplan* with him on the brief), attorney for respondents.

KUPFERMAN, J. This is an action pursuant to subdivision 1 of section 340 of the General Business Law (the Donnelly Act) for injunctive relief and a penalty. After a nonjury trial in 1974, the complaint was dismissed, and a preliminary injunction vacated.

The defendant Horsemen's Benevolent and Protective Association is comprised of some 4,000 members, the great bulk of whom are horse owners and the remainder, being trainers employed by a stable or independent contractors training for several stables. Some trainers are also owners of horses. The individual defendants were at the time of the commencement of the action the principal officers of the association.

The training of horses for racing involves the use of laborers known as back-stretch employees. Members of the defendant association have sought to avoid back-stretch employees being organized in a labor union. One of the economic issues with which such employees were concerned was a pension plan.

Inasmuch as the enterprise of horse racing in its various forms is controlled by the State, members of the defendant association looked to the Legislature for the funding of such a pension plan, either by extending the racing season, or improving the monetary share from racing of the horse owners. In this way, the owners would not have an added cost or expense. The bill that they supported failed to emerge from the legislative committee, and so the individual members of the association voiced their intent to express their dissatisfaction by withdrawing their horses from racing, although the

association itself refused to take a position with respect to united action.

On April 26, 1969, when horse entries were withdrawn, racing was canceled at Aqueduct, and there was a cessation of racing through May 6, 1969, and the State suffered an estimated loss of $3,500,000, and the New York State Racing Association an estimated loss of $2,500,000.

Pursuant to the Donnelly Act, New York State's little Sherman Antitrust Act (see *State of New York v Mobil Oil Corp.,* 38 NY2d 460, 464), the State commenced this action seeking a permanent injunction and the penalties under section 342-a of the General Business Law, and alleging an illegal combination in restraint of competition and the free exercise of the business of thoroughbred horse racing. (See *State of New York v Horsemen's Benevolent and Protective Assn. [N. Y. Div.],* 34 AD2d 769.) On May 6, 1969, the plaintiff also moved for a preliminary injunction by order to show cause, and this was granted. The argument that there was an economic labor dispute involved, and that there was no concerted action in view of the association's disclaimer that it lacked control over its members, was rejected. The granting of the preliminary injunction was affirmed without opinion, (33 AD2d 1107).

A nonjury trial was then had and the complaint dismissed. The court found concerted activity to boycott racing (which finding we affirm), but determined that the acts did not create a monopoly and further, after allowing amendment of the answer to conform to the proof, that a "labor dispute"* existed under subdivision 4 of section 340 of the General Business Law, thus creating an exception to the claim of restraint of trade. We disagree with these latter conclusions.

The Donnelly Act is not restricted to monopolistic activities. Further, when labor organizations combine with employers, the antitrust immunity is lost. *(Allen Bradley Co. v Union,* 325 US 797; see Van Cise, Understanding the Antitrust Laws [Practising Law Inst., 1976 ed], p 82; 2 Handler, Twenty-Five Years of Antitrust [Matthew Bender], pp 1077, 1079.) In addition, here the parties involved, members of the association, are primarily independent businessmen not employees. (See *Columbia River Co. v Hinton,* 315 US 143.) Nor is there a

---

* Even if a "labor dispute" existed under section 807 (subd 10, par [c]) of the Labor Law, the New York counterpart of the Norris-LaGuardia Act, it would affect only the right to an injunction.

dispute other than over from where the funds would come to pay for the pension arrangement. This was not merely an attempt to influence legislation (see *Eastern R. R. Conference v Noerr Motors,* 365 US 127; *Mine Workers v Pennington,* 381 US 657), but a boycott. Finally, the regulation by the State of the business of racing (see *Jacobson v New York Racing Assn.,* 33 NY2d 144), does not foreclose application of the antitrust laws to the kind of activity involved here.

Accordingly, we here follow our previous determination where we affirmed the granting of the preliminary injunction.

However, the violation being established, it does not necessarily follow that injunctive relief and a penalty should be imposed. It is now several years since the determination at Trial Term (over seven years since the stoppage), and the State has not pressed its claim expeditiously. An injunction at this stage would serve no purpose, except as a warning for the future.

The language of our *Per Curiam* in *State of New York v Milk Handlers & Processors Assn.* (28 AD2d 971) is here particularly apt: "This action has been pending for an extended period. During that time the Attorney-General evidently did not feel that the protection of the public interest required an interim restraining order. And, quite frankly, it was conceded on the argument that such restraint was not the object sought by the application. The real purpose was to secure from this court an advisory opinion as to whether the incidents set out in the affidavits, if not controverted, would entitle the plaintiff to a final judgment."

As to the claim for damages, laches in prosecuting the claim and appeal is also here applied by a majority of this court, although in my view alone, it, being an equitable defense, should have no application, and I would thus sustain that claim and reverse as to damages.

Judgment of the Supreme Court, New York County, entered July 25, 1974, dismissing the complaint and vacating the preliminary injunction after trial affirmed, without costs and without disbursements.

STEVENS, P. J., MARKEWICH, MURPHY and SILVERMAN, JJ., concur.

Judgment, Supreme Court, New York County entered on

July 25, 1974, unanimously affirmed, without costs and without disbursements.