*276 OPINION OF THE COURT
Hilda G. Schwartz, J.
Motions 169 and 170 of January 13, 1978 are consolidated for disposition.
Petitioners move for an order quashing the subpoena served upon them by the Attorney-General of the State of New York.
The Attorney-General cross-moves for an order dismissing the petition and for a further protective order quashing the subpoena served upon the Chairman of the Workmen’s Compensation Board, and striking the notice to admit served upon the Attorney-General.
The subpoenas served upon petitioners by the Attorney-General were issued in connection with a pending investigation of possible violations of article 22 of the General Business Law (§ 340 et seq.), the Donnelly Antitrust Act. The Attorney-General is empowered by section 343 of the General Business Law to investigate any matter within the purview of article 22 "whenever he believes it to be in the public interest that an investigation be made.” To that end, the Attorney-General is authorized to issue subpoenas and to require testimony and the production of documents.
All of the subpoenas served upon the petitioners specified that they were issued in connection with an inquiry by the Attorney-General "in regard to matters relating to the practice of Doctors and Physicians Practicing in New York City and on Long Island and others in unlawfully establishing or maintaining a monopoly, or in unlawfully restraining or interfering with competition or the free exercise of any activity in the conduct of any business, trade, or commerce or in the furnishing of any service in this State, in violation of Article 22 of the General Business Law and particularly § 340 thereof, with respect to the following: the Treatment and Care of Patients Under the Workmen’s Compensation and No-Fault Laws.”
Specifically, the Attorney-General is conducting an inquiry to determine whether any doctors or groups of doctors have conspired against the public interest by entering into an agreement to resign their workmen’s compensation authorizations, to refuse to treat workmen’s compensation cases, and/or to refuse to treat no-fault accident victims.
Petitioners contend that the investigation is violative of their First and Fifth Amendment rights; that the subpoenas *277 are vague, ambiguous and overbroad; that the investigation is not being conducted in good faith; that the Attorney-General has exceeded Ms authority; and that the medical profession is exempt from the purview of the Donnelly Act. Petitioners have sought discovery of the Chairman of the Workmen’s Compensation Board to support their claims.
It is well settled that the Attorney-General may issue a subpoena calling for information whenever he believes that an inquiry is warranted. (Matter of Sigety v Hynes, 38 NY2d 260; Matter of Greenthal v Lefkowitz, 32 NY2d 457.)
The Attorney-General is not required to disclose the probable cause and scope of his investigation to justify the issuance of a subpoena. A subpoena issued in the course of an ongoing investigation is prima facie adequate without further amplification or justification. (Matter of La Belle Creole Int., S. A. v Attorney-General of State of N. Y., 10 NY2d 192; Matter of Attorney-General of State of N. Y. [American Research Council], 10 NY2d 108, 113, cert den 368 US 947.) In addition, section 343 of the General Business Law provides for confidentiality.
The subpoenas served upon petitioners are not vague, ambiguous or overbroad, but clearly state the nature and purpose of the investigation.
Petitioners’ First Amendment rights do not extend to agreements in restraint of trade, or group boycotts, or the concerted withholding of life-sustaining services from the public. (Eastern R. R. Conference v Noerr Motors, 365 US 127; Mine Workers v Pennington, 381 US 657.)
Although medicine is a profession, the United States Supreme Court has held that individual physicians who engage in or foster a medical boycott are subject to the proscriptions of the Sherman Antitrust Act. (American Med. Assn. v United States, 317 US 519.) This principle applies with equal force under the Donnelly Act, which has been termed by the Court of Appeals as the "counterpart of the Sherman Act,” (State of New York v Mobil Oil Corp., 38 NY2d 460, 463), and by the Appellate Division, First Department, as "New York State’s little Sherman Antitrust Act,” (State of New York v Horsemen’s Benevolent & Protective Assn., 55 AD2d 251, 253).
Petitioners’ application for an order quashing the subpoenas served upon them by the Attorney-General is denied.
The cross motion by the Attorney-General for an order *278 dismissing the petition, quashing the subpoena served upon the Chairman of the Workmen’s Compensation Board and striking the notice to admit is granted.