■ In the Matter of CROWLEY FOODS, INC., Appellant, v LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered April 27, 1979

in Broome County, which denied petitioner's application to quash a subpoena duces tecum and granted respondent's motion to compel compliance with the subpoena, as modified by the court. Pursuant to its investigation into the business practices of Carvel Corporation and various suppliers to Carvel of dairy and nondairy products, on July 27, 1978, the respondent Attorney-General served upon petitioner Crowley Foods, Inc., a supplier of Carvel, a subpoena duces tecum, calling for materials which relate to petitioner's dealings with Carvel. Petitioner, thereafter, moved pursuant to CPLR 2304 to quash the subpoena. Special Term dismissed the petition and granted respondent's motion for an order compelling compliance with the subpoena, as slightly modified by the court. This appeal by petitioner ensued. Crowley is a major supplier of various dairy mixes for Carvel, which has 700 individual licensees obligated to sell only Carvel products. Crowley manufactures the mixes, packages them in containers marked "Carvel" and delivers the mixes to Carvel dealers and stores. Carvel pays Crowley for these services and Carvel then bills the dealers directly for the mix that they ordered. The subpoena at issue seeks the production of various documents relating to petitioner's business dealings with Carvel, including, but not limited to, contracts with Carvel, the method of payment utilized by Carvel, prices charged for the mix, price lists and documents concerning dealings with Carvel dealers. The purpose of the investigation is to determine whether there are illegal arrangements between Crowley and Carvel. An agency issuing a nonjudicial subpoena must show its authority, the relevancy of the items sought and some factual basis for inquisitorial action *(Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250), and a subpoena issued by the Attorney-General pursuant to section 343 of the General Business Law must, likewise, be supported *(Matter of Amos Post, Inc. v Attorney-General of State of N. Y.,* 70 AD2d 750, 751). There is a presumption that the Attorney-General is acting in good faith *(Matter of Amos Post, Inc. v Attorney-General of State of N. Y., supra,* p 751). Crowley contends that the subpoena lacks a factual basis. We disagree. The Deputy Assistant Attorney-General explained in his affidavit that an extensive investigation is being conducted into the business practices of Carvel and its various suppliers of dairy and nondairy products; that Crowley is a major supplier of various dairy mixes for Carvel; and that Carvel dealers are forced to purchase, directly or indirectly, all their mix, ingredients and supplies from Carvel. While this is ostensibly for purposes of uniformity and quality control, the Attorney-General contends that there is reason to believe "that what Carvel bills its dealers for these mixes is far and above what Carvel pays to Crowley". Thus, in our view, the Attorney-General has demonstrated a sufficient factual basis to support the issuance of the subpoena. Petitioner next contends that the documents sought by the Attorney-General are not relevant to the stated purpose of the subpoena and that the scope of the subpoena is overly broad. Although the sought after information and documents are relevant to the investigation, we conclude that the scope of the subpoena is too broad since it appears to require any and all documents and information related to Crowley's dealings with Carvel. For example, Crowley is required to identify and produce all documents containing, relating or referring to certain aspects of its sales to Carvel, including payments (Question No. 8), prices (Question No. 9) and mix formula (Question No. 15). In our view, the scope of the subpoena should be no broader than the scope of the question as set forth in the compromise proposed by the Attorney-General. Thus, the following modifications should be imposed: *"Question 4:* To require *only* copies of Crowley's principal written contracts

with Carvel, plus a written statement of any oral understanding or agreements. *Question 5:* To require identification *only* of those persons with primary supervisory responsibility, i.e., Crowley executives. *Question 6:* To require information *only* as to whether Crowley paid any kickbacks to Carvel, or gave any discounts such as bulk discounts, or a standard discount for paying within 30 days or the like.* *Question 8:* To require *only* documents that contain agreements with respect to payments, which agreements were not embodied in its contracts with Carvel. *Question 9:* To require the price lists which indicate the prices actually paid by Carvel to Crowley for the mix." Next, we reject petitioner's position that the scope of the subpoena should be limited to its records concerning Carvel stores located in this State. Section 343 authorizes the Attorney-General to require such information and data "as he may deem relevant", and section 342 authorizes the Attorney-General to prosecute transactions and activities which illegally restrain and injure commerce in New York "wherever the same may have been made". Moreover, section 343 authorizes the Attorney-General to subpoena material from corporations located outside New York which transact any business in New York. Therefore, we agree with the Attorney-General that he may subpoena materials relating to Crowley's activities outside of New York in order to determine whether there have been violations of section 340 of the General Business Law. We also reject Crowley's contention that the investigation should be limited to the time periods of the Statute of Limitations, four years for civil suits arising from Donnelly Act violations (General Business Law, § 340, subd 5) and three years for criminal suits (General Business Law, § 341). In *Long Is. Moving & Stor. Assn. v Lefkowitz* (24 AD2d 452), the court explained that the fact that a criminal action may "be barred for violations which occurred during the period covered by the records sought does not render those records utterly irrelevant." Thus, the documents sought by the Attorney-General are not irrelevant merely because the period in question is greater than the Statute of Limitations. Finally, we find no merit in Crowley's contention that the subpoena should be quashed because it requires disclosure of trade secrets of Carvel which are allegedly irrelevant to the inquiry. Order modified, on the law, by limiting the scope of Questions Nos. 4, 5, 6, 8 and 9 in the subpoena in the manner herein set forth, and, as so modified, affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.

---

* The Deputy Assistant Attorney-General stated in his affidavit that this question has been modified, prior to this motion, by adding the words "which your company does not give to purchases of Crowley's own ice cream mix."