OPINION OF THE COURT
Per Curiam.
Defendants, all of whom are licensed physicians, were indicted under the Donnelly Act, which prohibits “combination [s] whereby * * * [c] ompetition or the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service * * * is or may *447 be restrained” (General Business Law, § 340). Specifically, it was alleged that defendants had violated this statute by organizing a group boycott and concertedly refusing to furnish professional services to nonemergency workers’ compensation and no-fault insurance patients. The boycott was ostensibly organized as a means of protesting the low fee schedules established by law for these plans.
Defendants promptly moved to dismiss the indictment, asserting, among other grounds, that combinations among licensed professionals involving the provision of professional services are exempt from the proscriptions of the Donnelly Act. County Court granted the motion after concluding that our decision in Matter of Freeman (34 NY2d 1) mandated adoption of defendants’ position. The Appellate Division unanimously affirmed, without opinion. Because we agree that Matter of Freeman (supra) is dispositive of the issue presented by defendants’ motion, we now affirm the decisions below.
In Freeman, we were asked to consider whether a minimum fee schedule adopted by a County Bar Association constituted a violation of the Donnelly Act. After examining the language and legislative history of the act, we held that it was simply not intended to apply to the legal profession (34 NY2d, at p 9). Since we can discern no principled basis for distinguishing between the legal profession and the medical profession, at least for purposes of the Freeman rule, we are obliged to conclude that the medical profession is similarly insulated from liability under the Donnelly Act.
It has been suggested that the recent decision of the Supreme Court in Goldfarb v Virginia State Bar (421 US 773) requires a re-examination of our categorical ruling in the Freeman case. We cannot agree. The Goldfarb court merely held that the language and legislative history of the Federal antitrust laws did not support the conclusion that Congress intended to exempt the learned professions from the strictures of the Sherman Act (421 US, at pp 786-788). As we noted in Freeman, the ruling of a Federal court interpreting a Federal statute has no direct bearing upon a State court’s analysis of an analogous provision enacted by the State Legislature (34 NY2d, at p 7).
*448 Of course, it could be argued that the Goldfarb analysis represents the more “modern” view of the relationship between the antitrust laws and the learned professions and that, accordingly, we should re-examine our own State antitrust statutes in light of that decision. Such an argument, however, cannot seriously be maintained in the face of the clear language in Freeman, which indicates that our decision in that case rested not upon general policy considerations, but rather upon a specific analysis of the legislative history underlying the Donnelly Act and the intent of our own State Legislature in enacting that statute. Inasmuch as nothing has occurred since Freeman was decided which would suggest that we were mistaken in that analysis, we can see no sound reason to abandon the Freeman rule merely because a Federal court has reached a different conclusion about an analogous Federal statute (cf. Monell v New York City Dept. of Social Servs., 436 US 658, overruling Monroe v Pape, 365 US 167).*
Accordingly, the order of the Appellate Division should be affirmed.

 Indeed, in Freeman we specifically noted our awareness that the Federal District Court in the Goldfarb case had reached the conclusion that the learned professions are not exempt from regulation under the Federal antitrust laws (355 F Supp 491). We expressly declined to follow the Goldfarb holding, however, noting that the question presented in Freeman was strictly a matter of the proper interpretation of a State statute (Matter of Freeman, 34 NY2d 1, 7, supra). All that has occurred in the seven years since Freeman was decided is the Supreme Court’s decision upholding the ruling of the District Court in the Goldfarb case (421 US 773, supra). That ruling, however, is no more persuasive now on the question of the proper application of the Donnelly Act than it was when we first addressed the question in Freeman.