OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the Pharmaceutical Society of the State of New York (hereinafter referred to as PSSNY) to quash a subpoena heretofore issued by the Attorney-General to it on October 30, 1986.
In 1985, the Governor’s Office of Employee Relations (hereinafter referred to as GOER) issued a request for proposal inviting bids for a new prescription drug plan to replace the *1020 plan then in effect. Among the proposed features were incentives for the use of generic drugs and an optional method of acquiring drugs by mail from an out-of-State pharmacy and a provision to reimburse pharmacies for drugs at a percentage discount from average wholesale price. The plan also included a dispensing fee to be paid to pharmacists to cover costs other than the drug itself.
Many pharmacists declined to enroll in the drug prescription plan and other pharmacies that had enrolled simultaneously withdrew from the plan. Because of the low enrollment in the plan and because of continued lobbying efforts on the part of many pharmacies, the plan was changed and GOER increased the reimbursement rate for the pharmacists shortly before the plan was to go into effect.
The Attorney-General has reason to believe that there may have been an illegal collective boycott of the plan, which illegal boycott forced the State to increase its reimbursement rate. The Attorney-General subsequently commenced an investigation of this possible boycott pursuant to his authority under section 343 of the General Business Law. In connection with his investigation, the Attorney-General issued the subpoena herein at issue to PSSNY who thereupon filed the instant motion to quash.
The petitioner contends that the subject matter of the investigation, a possible boycott by pharmacists of the State’s prescription drug plan, is not within the Attorney-General’s jurisdiction pursuant to article 22 of the General Business Law and, therefore there is no authority or relevancy for the subpoena, and further, that pharmacy as a profession is exempt from the Donnelly Act.
This court cannot agree with the contentions of the petitioner. Although medicine is a profession, the United States Supreme Court has held that individual physicians who engage in or foster a medical boycott are subject to the proscriptions of the Sherman Antitrust Act (Matter of Hirschorn v Attorney-General of State of N Y., 93 Misc 2d 275, citing American Med. Assn. v United States, 317 US 519). This principle applies with equal force under the Donnelly Act, which has been termed by the Court of Appeals as the "counterpart of the Sherman Act” (State of New York v Mobil Oil Corp., 38 NY2d 460, 463) and by the Appellate Division, First Department, as "New York State’s Little Sherman Antitrust Act” (State of New York v Horsemen’s Benevolent & Protective Assn., 55 AD2d 251, 253).
*1021 The same principle holds true for pharmacy as it does for medicine and, therefore, the petitioner and individual pharmacists who engage in or foster a boycott are subject to the proscription of the Donnelly Act.
The petitioner’s motion to quash the subpoena served on it by the Attorney-General is denied.