■ In the Matter of WESTCHESTER COUNTY PHARMACEUTICAL SOCIETY, INC., Appellant, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent.—In a special proceeding, *inter alia*, to quash or limit a subpoena duces tecum pursuant to CPLR 2304, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered June 19, 1987, which denied its application in all respects.

Ordered that the judgment is affirmed, with costs.

The Supreme Court improperly held that a pharmacist is not a professional under the rule enunciated in *Matter of Freeman* (34 NY2d 1). We hold that a pharmacist is immune from prosecution under General Business Law § 340 *(see, Matter of Pharmaceutical Socy. v Abrams*, 132 AD2d 129). However, the respondent's affidavit discloses that he seeks information concerning anticompetitive practices, *inter alia*, of pharmacies themselves. The petitioner's membership comprises not only pharmacists but also pharmacies, and it appears from the papers submitted by the petitioner that the latter group includes nonpharmacists. Clearly, then, the petitioner is so closely related to the subject of the investigation into anticompetitive practices in the pharmacy industry that it must comply with the subpoena, which requests documents relevant to alleged antitrust violations of pharmacies, although some of its membership may be immune from prosecution under General Business Law § 340 *(see, Matter of Syracuse Coop. Milk Distribs.' Bargaining Agency v Attorney-General of State of N. Y.*, 13 Misc 2d 26, 29 [Attorney-General may require exempt persons to surrender information regarding nonexempt persons]). Accordingly, it was proper to deny the petitioner's request to quash the subpoena.

The petitioner's bare allegation that specific documents requested in the subpoena are not within its possession or control is insufficient to warrant modification of the subpoena *(see, e.g., Fugazy v Time, Inc.*, 24 AD2d 443). Lawrence, J. P., Rubin, Eiber and Harwood, JJ., concur. *[See*, 135 Misc 2d 441.]