In the Matter of ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant, v THRUWAY FOOD MARKET & SHOPPING CENTER, INC., Respondent.

Second Department, May 22, 1989

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (G. Nicholas Garin* of counsel), appellant *pro se.*

*Robert M. Rosen, P. C. (David W. Chefec* and *Eric Robert Pfeffer* on the brief), for respondent.

## OPINION OF THE COURT

MOLLEN, P. J.

The issue presented by this appeal is whether the subpoena duces tecum served upon the respondent Thruway Food Market & Shopping Center, Inc., by the petitioner Attorney-General of the State of New York which requested, *inter alia,* the production of the respondent's records over an approximately four-year period regarding the sale of room air-conditioners, was without sufficient factual basis and/or was overly broad. Based upon the circumstances of this case, we conclude that the subpoena duces tecum in question was proper and, accordingly, reverse the judgment denying the application to compel compliance with it.

In 1986, the petitioner became aware of the widespread violations by retail appliance dealers of various provisions of the Energy Law. Based on this information, the petitioner

commenced a State-wide investigation of the practices of retail appliance dealers. During these investigations, on July 3, 1986, Caleb B. Rick, a law student intern in the petitioner's Poughkeepsie office, visited the respondent's store in Walden, New York. Mr. Rick went to the appliance department and observed several air-conditioner units on display. Two of the display units advertised for sale failed to meet the minimum energy efficiency requirements required by Energy Law § 16-118 (4). Three other display units did not contain the necessary labels or tags indicating the units' cooling capacity ratings, power ratings and energy efficiency as required under Energy Law § 16-118 (2). Mr. Rick spoke to a salesperson in the respondent's store who indicated that the various units on display were sold depending on their availability.

Based on Mr. Rick's observations, the petitioner served a subpoena upon the respondent on or about October 2, 1986, requesting copies of documents regarding the sale, offer for sale, exposure for sale and advertisement of new room air-conditioners for the period beginning January 1983 including;

"1. documents that indicate which and how many new room air conditioners were bought and sold by your stores during this period;

"2. documents that indicate the model name, model number, cooling capacity rating (BTU's), power rating (voltage), EER [energy efficiency rating], year of manufacture of each new room air conditioners [sic] sold, offered or exposed for sale, or advertised during this period.

"3. documents that indicate the date of sale of each new room air conditioner, buyer's name and address;

"4. documents indicating the content, dates of publication, names of papers in which new room air conditioners were advertised and model numbers of all new room conditioners advertised during this period other than those advertised by/ through Intercounty Appliance Corp.

"5. documents indicating the content of energy efficiency labels and whether such labels were attached to each air conditioner offered for sale". .

The subpoena was supported by the affidavit of Mr. Rick which recounted his observations in the respondent's store on July 3, 1986.

Sometime after service of the subpoena, the respondent provided copies of sales invoices regarding its purchases of air-conditioners for resale for a four-year period. The respondent

apparently purchased its air-conditioners from one source, Intercounty Appliance Corp. located in Commack, New York. These records did not include a sales invoice for one of the air-conditioner units which Mr. Rick had observed on display in the respondent's store on July 3, 1986. Moreover, the information requested under items 2 through 5 of the subpoena was not supplied.

Following unsuccessful attempts to obtain all of the requested information, the petitioner brought this proceeding in January 1987 to compel the respondent to comply with the subpoena. The respondent opposed the motion, claiming that it had turned over all of its records to the petitioner and that the petitioner is "on nothing more than a fishing expedition". By judgment entered April 24, 1987, the petitioner's application was denied, on the ground that "[t]he hearsay statement that two air conditioners which were observed on respondent's premises do not comply with energy regulations does not provide a sufficient factual basis for the subpoena". Additionally, the Supreme Court determined that the petitioner's request for documents dating back to 1983 based upon Mr. Rick's observations in July 1986 was unreasonable in its scope, and the relevancy of the requested documents was not sufficiently demonstrated. The petitioner's motion for renewal and reargument which was in effect a motion for reargument only (see, Frank v Gessel, 108 AD2d 896), was denied.

It is well established that the requisites for an investigatory subpoena duces tecum such as that at bar, are (1) that the issuing agency has authority to engage in the investigation and issue the subpoena, (2) that there is an authentic factual basis to warrant the investigation, and (3) that the evidence sought is reasonably related to the subject of the inquiry (see, Matter of Levin v Murawski, 59 NY2d 35; Matter of A'Hearn v Committee on Unlawful Practice of Law, 23 NY2d 916; Matter of National Freelancers v State Tax Commn., 126 AD2d 218). In this case, it is undisputed that Energy Law § 16-102 specifically authorizes the Attorney-General to conduct investigations regarding compliance with Energy Law article 16 entitled "Energy Efficient Devices" and, if necessary, to institute actions to enjoin violations. Moreover, Executive Law § 63 (12) authorizes the Attorney-General, inter alia, to issue subpoenas in those instances in which he or she determines that any person is engaging in repeated illegal or unlawful acts. Accordingly, it is clear that the petitioner

possessed the requisite authority to issue the subject subpoena duces tecum.

■ Further, we are satisfied that the petitioner had a sufficient factual basis upon which to investigate the respondent. Although it is beyond dispute that the petitioner does not possess arbitrary and unbridled discretion in inquiring as to possible violations of the law *(see, Matter of A'Hearn v Committee on Unlawful Practice of Law, supra,* at 918), there is a presumption that the petitioner is acting in good faith *(see, Anheuser-Busch, Inc. v Abrams,* 71 NY2d 327, 331; *Matter of Pharmaceutical Socy. v Abrams,* 132 AD2d 129, 133). Moreover, in order to support the issuance of a subpoena, the petitioner is not required to establish the existence of probable cause, but must only show that the materials sought bear a reasonable relationship to the matter under investigation and to the public purpose to be achieved *(see, Anheuser-Busch, Inc. v Abrams, supra; Matter of Hynes v Moskowitz,* 44 NY2d 383).

Judged by these standards, it is clear that the subpoena duces tecum at issue here was proper. As previously noted, Energy Law § 16-118 prohibits, *inter alia,* the sale or exposure for sale of air-conditioner units which do not display the requisite labels setting forth each unit's cooling capacity rating, power rating and its energy efficiency. Moreover, each unit must meet specified minimum efficiency requirements. Mr. Rick's observations at the respondent's store on July 3, 1986, which were attested to in his supporting affidavit, clearly established the existence of violations of these particular provisions. Although certain hearsay statements attributed to the respondent's salesperson were referred to in Rick's affidavit, this information did not provide the factual basis for the issuance of the subpoena.

■ The information sought by the petitioner is reasonably related to the subject of inquiry, namely, possible violations of Energy Law article 16 insofar as it applies to room air-conditioners *(see,* Energy Law § 16-118). The courts have consistently held that unless the subpoena calls for " 'documents which are utterly irrelevant to any proper inquiry' *(Matter of Dairymen's League Co-op. Assn. v. Murtagh,* 274 App. Div. 591, 595, affd. 299 N.Y. 634) or its 'futility * * * to uncover anything legitimate is inevitable or obvious', the courts will be slow to strike it down. *(Matter of Edge Ho Holding Corp.,* 256 N.Y. 374, 382; see, also, *Matter of Broadway Maintenance Corp. v. Grumet,* 9 N Y 2d 719; *Matter of Joint Legis. Committee [Teachers Union],* 285 N.Y. 1, 9)" *(Matter of La Belle Creole*

*Intl. v Attorney-General of State of N. Y.,* 10 NY2d 192, 196). Moreover, the burden of establishing that the requested documents and records are irrelevant is on the person being subpoenaed *(see, Matter of Dairymen's League Coop. Assn. v Murtagh,* 274 App Div 591, 595, *affd* 299 NY 634, *supra).*

A review of the subpoena in question reflects that the petitioner is seeking the records to determine the actual number of illegal air-conditioners sold and to whom they were sold in order to determine the extent of the respondent's violations of the pertinent sections of the Energy Law. Similarly, the requested information regarding advertisements of and labels on the respondent's air-conditioner units displayed for resale is relevant to determining the extent of possible violations of Energy Law § 16-118 (6). Accordingly, contrary to the respondent's position, the petitioner is not involved in a "fishing expedition" *(see, Carlisle v Bennett,* 268 NY 212). Furthermore, the petitioner's request for records and documents dating back to January 1983 is not unreasonable in scope but rather is reasonably related to the subject matter under investigation and the public purpose to be served *(see, Matter of Crowley Foods v Lefkowitz,* 75 AD2d 940; *Matter of Wiener v Abrams,* 119 Misc 2d 970).

Accordingly, the judgment entered April 24, 1987, is reversed, on the law, and the petitioner's application to compel compliance with his subpoena duces tecum is granted. The appeal from the order entered September 11, 1987, is dismissed because no appeal lies from an order denying reargument.

THOMPSON, RUBIN and EIBER, JJ., concur.

Ordered that the judgment entered April 24, 1987 is reversed, on the law, and the petitioner's application to compel compliance with his subpoena duces tecum is granted; and it is further,

Ordered that the respondent's time to comply with the subpoena is extended until 60 days after service upon it of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the appeal from the order entered September 11, 1987, is dismissed, because no appeal lies from an order denying reargument; and it is further,

Ordered that the petitioner is awarded one bill of costs.