■ JERROLD E. GERTZ et al., Respondents, v ROBERT RICHARDS et al., Defendants, and JAMAICA ECONOMIC GROWTH, INC., Appellant. [650 NYS2d 584] —In an action, *inter alia,* to enjoin the defendants from destroying, tampering with, editing, secreting, or discarding any books and records or other property of the plaintiff Jamaica Mall Improvement Association, Inc., in their possession and control, the nonparty Jamaica Economic Growth, Inc. appeals from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated October 12, 1995, as denied its motion to quash a subpoena duces tecum.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant's contention that the subpoena served on it was facially defective and may not be enforced since it did not contain a notice pursuant to CPLR 3101 (a) (4), is being raised for the first time on appeal, and is, therefore, unpreserved for appellate review (*see, Matter of Allstate Ins. Co. v Bieder,* 212 AD2d 693).

The standard to be applied on a motion to quash a subpoena duces tecum is whether the requested information is "utterly irrelevant" to any proper inquiry. Moreover, the burden of establishing that the requested documents and records are utterly irrelevant is on the person being subpoenaed (*see, Ayubo*

*v Eastman Kodak Co.*, 158 AD2d 641; *Matter of Abrams v Thruway Food Mkt.*, 147 AD2d 143). Since the documents requested by the plaintiffs were not utterly irrelevant to any proper inquiry, the motion to quash was properly denied. Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.