■ GLEN COVE ASSOCIATES, L.P., et al., Appellants, v NORTH SHORE UNIVERSITY HOSPITAL et al., Respondents. [659 NYS2d 316] —In an action, *inter alia,* to recover damages for violation of the Donnelly Act (General Business Law § 340 *et seq.*), the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (McCaffrey, J.), entered July 15, 1996, which granted the defendants' motion for summary judgment dismissing the complaint, denied the plaintiffs' cross motion for partial summary judgment dismissing certain affirmative defenses, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiffs, who are two radiologists and their Magnetic Resonance Imaging (hereinafter MRI) facility, claim that the defendants, a hospital, its affiliate, and its Chief of Radiology, conspired to drive them out of business and create a monopoly of MRI services in the area, in violation of the Donnelly Act (General Business Law § 340 *et seq.*). As the medical profession is exempt from the proscriptions of the Donnelly Act (see, *People v Roth,* 52 NY2d 440), the Supreme Court properly granted summary judgment to the defendants dismissing that cause of action.

Summary judgment was also properly granted dismissing the plaintiffs' causes of action alleging tortious interference with existing and prospective contractual relations. As to the former, the plaintiffs failed to demonstrate the existence of any contract with a third party (see, *Durante Bros. Constr.*

*Corp. v College Point Sports Assn.,* 207 AD2d 379, 380; *Stratford Materials Corp. v Jones,* 118 AD2d 559, 560). They also failed to submit evidence sufficient to raise a question of fact as to whether the defendants acted with the sole purpose of harming the plaintiffs or engaged in any improper or unlawful conduct, a necessary element of a cause of action alleging interference with prospective contractual relations (*see, Nassau Diagnostic Imaging & Radiation Oncology Assocs. v Winthrop-Univ. Hosp.,* 197 AD2d 563, 564).

The plaintiffs' remaining contentions regarding their other causes of action are without merit. Thompson, J. P., Joy, Altman and Florio, JJ., concur.