OPINION OF THE COURT
Robert J. Gigante, S.
In this contested accounting proceeding, John T. LiGreci, the petitioner herein, served a judicial subpoena to testify and subpoena duces tecum (hereinafter subpoena), on objectant Dr. Nicholas Perosi seeking, inter alia, copies of checks, bank statements and trust documents. In response, the objectant moved for a protective order pursuant to SCPA 209 (10) and CPLR 2304 quashing the subpoena. An affirmation in opposition was filed with the court and oral argument was heard by the Surrogate on January 6, 2016, following which the court reserved decision. The motion to quash herein is supported not by an affidavit from the objectant but by the affirmation of Mr. Eisenstein, his counsel. The first issue to be addressed is whether Jethro Eisenstein, Esq., as counsel for the objectant, has standing to move to quash a subpoena duces tecum. The court finds that as attorney for the objectant, with no personal knowledge of the facts, Jethro Eisenstein, Esq., does not have the requisite standing.
Standing
Standing is a concept utilized to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court (State ex rel. Cartwright v Oklahoma Tax Commn., 653 P2d 1230, 1232 [Sup Ct Okla 1982]; Black’s Law Dictionary 1405 [6th ed 1990]). The requirement of standing is satisfied if it can be said that the plaintiff has a legally protectible and tangible interest at stake in the litigation (Guidry v Roberts, 331 So 2d 44, 50 [La App, 1st Cir 1976]; Black’s Law Dictionary 1405 [6th ed 1990]). Further, “a subpoena may only be challenged by the person to whom it is directed or by a person whose property rights or privileges may be violated” (Matter of Selesnick [Axelrod], 115 Misc 2d 993, 995 [1982]).
*877 In the instant case, the subpoena was directed to the objectant and not objectant’s counsel. It must then be determined if objectant’s counsel is a person whose property rights or privileges are violated. The court finds that the only privileges and/or property rights that may be violated are those of the objectant and not his counsel.
Additionally, “[a]n attorney’s affirmation that is not based upon personal knowledge is of no probative or evidentiary significance” (Warrington v Ryder Truck Rental, Inc., 35 AD3d 455, 456 [2d Dept 2006]). The affirmation in support of the motion submitted by Jethro Eisenstein, Esq., does not state that it is based on his personal knowledge. As such, there is no supporting affidavit from anyone with personal knowledge of the facts, and Mr. Eisenstein, therefore, would have no standing to move to quash the subpoena.
Assuming, arguendo, that this court were to find that Jethro M. Eisenstein had standing, it must next determine the relevancy of the documents requested in the subpoena duces tecum.
Relevancy
At oral argument, both parties referred to the paragraphs in the objectant’s counsel’s affirmation for reference purposes as to the paragraphs at issue, inasmuch as the paragraphs in the subpoena were unnumbered. The paragraphs that are primarily at issue in this subpoena duces tecum are paragraphs 5, 6 and 8.
Objectant argues that the information sought in these paragraphs is not relevant inasmuch as the documentation being sought is for a period after May 20, 2010, a time when petitioner was no longer serving as the trustee. Petitioner argues that these documents are relevant for the purposes of questioning both the objectant and Linda Perosi. If it was determined that Jethro Eisenstein, Esq., had standing, the court would find that paragraphs 5, 6 and 8 are, indeed, relevant. It should be noted the remaining paragraphs (4, 9, 10, 11, 12 and 13) relate to documents that are to be turned over by the respective parties to the other. Whichever party is in possession would have to turn these documents over to the other party if the movant had standing.
It is the policy of this court to liberally construe discovery demands to afford the party seeking information the ability to determine whether or not there is merit to his or her claim. *878 Additionally, the purpose of a subpoena duces tecum is to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding (Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 112 [1st Dept 2006]). Furthermore, the court should grant a motion to quash a subpoena duces tecum only when the materials sought are utterly irrevelant to any proper inquiry (New Hampshire Ins. Co. v Varda, Inc., 261 AD2d 135 [1st Dept 1999]; Matter of Reuters Ltd. v Dow Jones Telerate, 231 AD2d 337, 341 [1st Dept 1997]). Moreover, the burden of establishing that the requested documents and records are utterly irrevelant is on the person being subpoenaed (Gertz v Richards, 233 AD2d 366 [2d Dept 1996]).
Finally, “in order to support the issuance of a subpoena, the petitioner is not required to establish the existence of probable cause, but must only show that the materials sought bear a reasonable relationship to the matter under investigation and to the public purpose to be achieved” (Matter of Abrams v Thruway Food Mkt. & Shopping Ctr., 147 AD2d 143 [1989]).
Petitioner, through his papers and oral argument, does show that paragraphs 5, 6 and 8 bear a reasonable relationship to the issues herein, as they relate to the LiGreci Irrevocable Insurance Trust dated November 5, 1991 and the Security Mutual Life Insurance Company of New York Policy. The court believes that petitioner in seeking this documentation is not on a “fishing expedition.”
Accordingly, after having reviewed all of the papers submitted herein and listening to oral arguments, both in support of the motion to quash and in opposition thereto, this court denies without prejudice the objectant’s motion to quash the subpoena duces tecum solely on the procedural ground that objectant’s counsel lacks standing to bring the present application.