Matter of Fulton Commons Care Ctr., Inc. v James (2024 NY Slip Op 02322)

Matter of Fulton Commons Care Ctr., Inc. v James

2024 NY Slip Op 02322

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-00408
 (Index No. 618413/21)

[*1]In the Matter of Fulton Commons Care Center, Inc., et al., appellants, 
v
Letitia James, etc., respondent.

Hamburger & Yaffe, LLP, Huntington, NY (David N. Yaffe of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Nikki Kowalski and Margaret A. Cieprisz of counsel), respondent pro se.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR 2304 to quash two subpoenas duces tecum issued on September 9, 2021, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 4, 2022. The order and judgment granted the respondent's cross-motion, among other things, pursuant to CPLR 404(a) to dismiss the petition, dismissed the petition, and directed the petitioners to comply with the subpoenas.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner Fulton Commons Care Center, Inc. (hereinafter Fulton Commons), operates a long-term healthcare facility located in Nassau County, and the petitioner Moshe Kalter is an owner of Fulton Commons. In September 2021, the State of New York, Office of the Attorney General Medicaid Fraud Control Unit, issued two subpoenas duces tecum to the petitioner HMM, CPA's, LLP (hereinafter HMM), the accountant for Kalter and Fulton Commons, seeking Kalter's personal tax returns for the years 2018, 2019, and 2020, as well as the tax returns of certain nonparty corporations, partnerships, and limited liability companies (hereinafter collectively the corporate entities) that were alleged to be affiliates of Fulton Commons for the same years. The petitioners subsequently commenced this proceeding, inter alia, pursuant to CPLR 2304 to quash the subpoenas. The respondent, Letitia James, Attorney General of the State of New York (hereinafter the Attorney General), opposed the petition and cross-moved, among other things, pursuant to CPLR 404(a) to dismiss the petition. In an order and judgment dated January 4, 2022, the Supreme Court granted the cross-motion, dismissed the petition, and directed the petitioners to comply with the subpoenas. The petitioners appeal.
"The requirements for the issuance of an investigatory subpoena duces tecum are '(1) that the issuing agency has authority to engage in the investigation and issue the subpoena, (2) that there is an authentic factual basis to warrant the investigation, and (3) that the evidence sought is reasonably related to the subject of the inquiry'" (Matter of Evergreen Assn., Inc. v Schneiderman, 153 AD3d 87, 96, quoting Matter of Abrams v Thruway Food Mkt. & Shopping Ctr., 147 AD2d 143, [*2]146). "Executive Law § 63(12) authorizes the Attorney General to seek an injunction '[w]henever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business'" (Matter of Evergreen Assn., Inc. v Schneiderman, 153 AD3d at 97, quoting Executive Law § 63[12]). "In connection with any such application, the attorney general is authorized to take proof and make a determination of the relevant facts and to issue subpoenas in accordance with the civil practice law and rules" (Executive Law § 63[12]).
"An application to quash a subpoena should be granted [o]nly where the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry" (Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 331-332 [citation and internal quotation marks omitted]; see Matter of Hogan v Cuomo, 67 AD3d 1144, 1145). "The person challenging a subpoena bears the burden of demonstrating a lack of authority, relevancy or factual basis for its issuance" (Matter of Hogan v Cuomo, 67 AD3d at 1145).
"In defending his [or her] inquiry, the Attorney General must show only that the materials sought bear a reasonable relation to the subject matter under investigation and to the public purpose to be achieved" (Matter of Evergreen Assn., Inc. v Schneiderman, 153 AD3d at 98 [internal quotation marks omitted]; see Anheuser-Busch, Inc. v Abrams, 71 NY2d at 332). "The information forming the factual basis for the issuance of an investigatory subpoena 'need not be sufficient to establish fraud or illegality, or even provide probable cause, as long as the futility of the process is not inevitable or obvious'" (Matter of Evergreen Assn., Inc. v Schneiderman, 153 AD3d at 97, quoting Matter of Hogan v Cuomo, 67 AD3d at 1146). "Rather, '[a]ll that is required is that the scope of the subpoena and the basis for its issuance be more than isolated or rare complaints . . . lest the powers of investigation . . . become potentially instruments of abuse and harassment'" (Matter of Evergreen Assn., Inc. v Schneiderman, 153 AD3d at 97, quoting Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250, 258). "'Moreover, in evaluating the Attorney-General's justification for the issuance of a subpoena, there is a presumption that he [or she] is acting in good faith'" (Matter of Evergreen Assn., Inc. v Schneiderman, 153 AD3d at 98, quoting Matter of American Dental Coop. v Attorney-General of State of N.Y., 127 AD2d 274, 280).
Initially, although the Attorney General contends that Kalter and Fulton Commons lack standing to object to the subpoenas, the Attorney General does not contest the standing of HMM, the entity upon which the subpoenas were served. In any event, assuming, without deciding, that Kalter and Fulton Commons have standing to object to the subpoenas, we find that the petitioners' challenge to the issuance of the subpoenas is without merit.
Here, in opposition to the petition and in support of her cross-motion, the Attorney General submitted, inter alia, affirmations that detailed evidence uncovered during her preliminary investigation into whether nursing home funds, including Medicaid funds, were unlawfully diverted away from patient care and directed towards Kalter personally and the co-owners of the "Kalter nursing home network" (see Matter of Evergreen Assn., Inc. v Schneiderman, 153 AD3d at 98). The Attorney General's submissions revealed, among other things, that evidence had been adduced that funds intended for the care of nursing home residents were transferred between Fulton Commons, Kalter, and the corporate entities in the form of "loans" with "little or no paper trail," and that Fulton Commons reported a large increase in deaths of its residents that was only partially attributable to the COVID-19 pandemic. Additionally, the Attorney General asserted that evidence confirmed that, while many of the corporate entities are technically owned by a group of individuals comprised of Kalter and his relatives, Kalter was the only active owner and the sole decision-maker with respect to the movements of the funds at issue. Contrary to the petitioners' contention, the Attorney General's submissions sufficiently demonstrated that the documents sought pursuant to the subpoenas were reasonably related to the subject matter of the investigation (see id. at 98-99; Matter of Hogan v Cuomo, 67 AD3d at 1145-1146). Further, the petitioners failed to demonstrate that the futility of the process to uncover anything legitimate was inevitable or obvious or that the information sought was utterly irrelevant to any proper inquiry (see Anheuser-Busch, Inc. v Abrams, 71 NY2d at 332-333).
The petitioners' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the Attorney General's cross-motion, among other things, pursuant to CPLR 404(a) to dismiss the petition, dismissed the petition, and directed the petitioners to comply with the subpoenas.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court